Kevin Shenkman (SBN 223315)
    kshenkman@shenkmanhughes.com
Mary Ruth Hughes (SBN 222662)
    mrhughes@shenkmanhughes.com
**SHENKMAN & HUGHES**
28905 Wight Road
Malibu, California 90265
Telephone: (310) 457-0970

*Attorneys for* Plaintiff

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY INO; individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>THE GAP, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 14 0292<br><br>**COLLECTIVE ACTION COMPLAINT UNDER FLSA**<br><br>(1) Violation of Fair Labor Standards Act, 29 U.S.C. § 207 (Unpaid Overtime)<br><br>(2) Violation of Fair Labor Standards Act, 29 U.S.C. § 206 (Unpaid Minimum Wages)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tiffany Ino ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (b) because Defendant maintains offices, has agents, and is licensed to transact and does transact business in this District.

## THE PARTIES

3. Plaintiff Tiffany Ino is a resident of the State of California.

4. Defendant The Gap, Inc. was and is, upon information and belief, a Delaware corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this District, the State of California, or the various states of the United States of America.

5. At all relevant times, The Gap, Inc. was the "employer" of Plaintiff and the other class members within the meaning of all applicable state laws and statutes.

6. At all relevant times herein mentioned, The Gap, Inc. ratified each and every act or omission complained of herein. The acts of The Gap, Inc. were in accordance with, and represent the official policy of The Gap, Inc.

7. Plaintiff is informed and believes, and based thereon alleges, that The Gap, Inc. is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

8. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants herein designated as a DOE is legally responsible for the

events and happenings referred to in this Complaint, and unlawfully caused the damages to Plaintiff and class members alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same has been ascertained.

9. At all times herein relevant, The Gap, Inc. and DOES 1 through 10, and each of them, were the agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

10. Defendant The Gap, Inc. and DOES 1 through 10 will hereinafter be collectively referred to as "Defendants."

## COLLECTIVE ACTION ALLEGATIONS

11. Pursuant to the Fair Labor Standards Act ("FLSA"), Plaintiff brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus seeks to prosecute the FLSA claims as a collective action on behalf of:

> All current and former hourly-paid or non-exempt store-level employees employed by any of the Defendants at any time during the period of three years prior to the filing of this Complaint to the present and chose to opt-in to this action (the "Nationwide Collective Class").

12. Plaintiff brings this action on behalf of the Nationwide Collective Class as a collective action pursuant to 29 U.S.C. §216(b).

///
///

COLLECTIVE CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

13. Plaintiff consents in writing to opt-in to this action, as required by 29 U.S.C. § 216 (b). Like Plaintiff, each potential member of this Nationwide Collective Class must sign a written consent to join this action, indicating a willingness to participate in the lawsuit and be bound by the outcome as an "opt-in" plaintiff.

14. Notice of the pendency and any resolution of this action can be provided to potential members of the Nationwide Collective Class by mail, print, and/or internet publication.

15. There is a well-defined community of interest in the litigation and the potential members of the Nationwide Collective Class are readily ascertainable.

16. There are common questions of law and fact as to the Nationwide Collective Class that predominate over questions affecting only individual members, including not limited to:

    a. Whether Defendants required Plaintiff and Nationwide Collective over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiff and Nationwide Collective Class members;

    b. Whether Defendants failed to pay minimum wages to Plaintiff and Nationwide Collective Class members; and

    c. Whether Defendants' conduct was willful;

    d. Whether Plaintiff and Nationwide Collective Class members have sustained damages, and if so, what is the proper measure of those damages.

## GENERAL ALLEGATIONS

17. At all relevant times set forth, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees.

///
///

18. Defendants employed Plaintiff first as an hourly-paid, non-exempt employee from roughly April 2008 to roughly April 2011, in the State of California.

19. Defendants continue to employ hourly-paid or non-exempt employees nationwide, including in California.

20. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about Federal labor and wage law, employment and personnel practices, and about the requirements of Federal Law.

21. Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and Nationwide Collective Class members were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation.

22. Plaintiff is informed and believes, and thereon alleges that Defendants knew or should have known that Plaintiff and Nationwide Collective Class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for compensation.

23. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew or should have known that it had a duty to compensate Plaintiff and Nationwide Collective Class members, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiff and Nationwide Collective Class members that they were properly denied wages, all in order to increase Defendants' profits.

///
///
///

4

COLLECTIVE CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

# FIRST CAUSE OF ACTION

## Violation of the Fair Labor Standards Act, 29 U.S.C. § 207

### (Against DEFENDANTS and DOES 1 through 10)

24. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 23, and each and every part thereof with the same force and effect as though fully set forth herein.

25. The FLSA, 29 U.S.C. § 207(a)(1), provides in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

26. At all material times set forth herein, Plaintiff and Nationwide Collective Class members consistently worked in excess of forty hours in a workweek; however, the proper overtime compensation was not paid by Defendants.

27. At all material times set forth herein, Defendants' failure to pay Plaintiff and Nationwide Collective Class members the unpaid balance of overtime compensation, as required by the FLSA, violated the provisions of the FLSA and was therefore unlawful. Moreover, Defendants' failure to pay Plaintiff and the Nationwide Collective Class members overtime compensation was and is a result of a single, uniform policy or practice to deny overtime compensation to them.

///
///
///
///

28. At all material times Defendants' failure to pay Plaintiff and Nationwide Collective Class members was the result of Defendants' willful, knowing, and intentional violation of the provisions of the FLSA, or alternatively Defendants' reckless disregard for the requirements of those provisions.

29. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff and Nationwide Collective Class members are entitled to recover their unpaid overtime compensation as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### Violation of the Fair Labor Standards Act, 29 U.S.C. § 206

### (Against DEFENDANTS AND DOES 1 through 10)

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29, and each and every part thereof with the same force and effect as though fully set forth herein.

31. Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiff and Nationwide Collective Class members were entitled to receive minimum wages for all hours worked.

32. At all material times set forth herein, Defendants failed to pay Plaintiff and Nationwide Collective Class members for all hours worked.

33. At all material times set forth herein, Defendants' failure to pay Plaintiff and Nationwide Collective Class members minimum wages for all hours worked, as required by the FLSA, violated the provisions of the FLSA and was therefore unlawful. Moreover, Defendants' failure to pay Plaintiff and the Nationwide Collective Class members' minimum wages was and is a result of a single, uniform policy or practice to deny overtime compensation to them.

///

///

///

34. At all material times Defendants' failure to pay Plaintiff and Nationwide Collective Class members was the result of Defendants' willful, knowing, and intentional violation of the provisions of the FLSA, or alternatively Defendants' reckless disregard for the requirements of those provisions.

35. As a result of Defendants' unlawful conduct, Plaintiff and Nationwide Collective Class members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours actually worked.

36. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff and Nationwide Collective Class members are entitled to recover the full amount of unpaid minimum wages as well as liquidated damages equal to the amount of unpaid compensation, interest, costs, and attorneys' fees.

## DEMAND FOR JURY TRIAL

1. Plaintiff, on behalf of herself, and on behalf of all others similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

1. Plaintiff, on behalf of herself, and on behalf of all others similarly situated, prays for relief and judgment against Defendants as follows:

### Class Certification

2. That the Nationwide Collective Class be designated a collective action and notice issued pursuant to 29 U.S.C. §216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b).

3. That Plaintiff be appointed as the representative of the Nationwide Collective Class; and

4. That Counsel for Plaintiff be appointed as Counsel for the Nationwide Collective Class.

///

///

**As to the First Cause of Action**

5. For general and unpaid wages at overtime wage rates;

6. For liquidated damages equal to the amount of unpaid compensation;

7. For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

8. For reasonable attorney's fees and for costs of suit incurred herein pursuant to the FLSA, 29 U.S.C. §216(b); and

9. For such other and further relief as the Court may deem appropriate.

**As to the Second Cause of Action**

10. For general unpaid minimum wages;

11. For liquidated damages equal to the amount of unpaid compensation;

12. For pre-judgment interest on any unpaid minimum wages from the date such amounts were due;

13. For reasonable attorneys' fees and for costs of suit incurred herein pursuant to the FLSA, 29 U.S.C. § 216(b); and

14. For such other and further relief as the Court may deem appropriate.

Dated: January 17, 2014          **SHENKMAN & HUGHES**

By: _____
Kevin Shenkman
*Attorneys for* Plaintiff

COLLECTIVE CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL