1   JESSICA R. PERRY (STATE BAR NO. 209321)
    JULIA COLLINS RIECHERT (STATE BAR NO. 254078)
2   ALEXANDRA PAVLIDAKIS (STATE BAR NO. 267895)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
3   1000 Marsh Road
    Menlo Park, California  94025
4   Telephone:     650-614-7400
    Facsimile:     650-614-7401
5   jperry@orrick.com
    jriechert@orrick.com
6   apavlidakis@orrick.com

7   Attorneys for Defendant
    The Gap, Inc.
8

9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

12  TIFFANY INO, individually, and on behalf of        Case No. CV14-00292 CW
    other members of the general public similarly
13  situated;                                          **DEFENDANT THE GAP, INC.'S
                                                       NOTICE OF MOTION AND MOTION
14              Plaintiff,                             TO DISMISS PLAINTIFF'S FIRST
                                                       AMENDED COMPLAINT OR STAY
15         v.                                          THE PROCEEDINGS, MOTION FOR A
                                                       MORE DEFINITE STATEMENT, AND
16  THE GAP, INC., a Delaware corporation; and         MOTION TO STRIKE;
    DOES 1 through 10, inclusive                       MEMORANDUM OF POINTS AND
17                                                     AUTHORITIES  IN SUPPORT
                Defendants.                            THEREOF**
18
                                                       Date:      May 29, 2014
19                                                     Time:      2:00 p.m.
                                                       Courtroom:  2
20                                                     Judge:     Hon. Claudia Wilken
21

22

23

24

25

26

27

28                                                     DEFENDANT THE GAP, INC.'S NOTICE OF MOTION
    OHSUSA:757238646.4      AND MOTION DISMISS PLAINTIFF'S FAC OR TO
                                                       STAY PROCEEDINGS, MOTION FOR MORE
                                                       DEFINITE STATEMENT, MOTION TO STRIKE; MPA
                                                       IN SUPPORT THEREOF
                                                       CV14-00292 CW

1

**TABLE OF CONTENTS**

2

**Page**

3

NOTICE OF MOTION AND MOTION ................................................................ 1

4

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 2

I. INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED ............... 2

5

II. STATEMENT OF RELEVANT FACTS................................................................ 3

6

    A. The Parallel, First Filed *Harmon* and *Collins* State Court Actions............... 3

7

    B. The Duplicative *Ino* Federal Court Action............................................... 5

III. ARGUMENT .................................................................................................... 6

8

    A. The Court Should Dismiss Plaintiff's Claims for Failure to State a Claim
9
        Under FRCP 12(b)(6)............................................................................... 6

        1. Plaintiff's Allegations Are Insufficient Under *Iqbal* and *Twombly*
10
           Because She Has Not Stated a Plausible Claim for Relief. ...................... 7

11

        2. Any Time Spent on the Alleged Activities is Not Compensable under
           the FLSA.......................................................................................... 11

12

           i. Time Spent Locating and Opening Secured Lockers and Putting
              Away Personal Belongings is Not Compensable....................... 12

13

           ii. Time Spent Retrieving and Reviewing Schedules is Not
14
              Compensable ......................................................................... 13

           iii. On-Call Time is Not Compensable Where, As Here, Employees
15
              are Able to Use the On-Call Time For Their Own Purposes. ............ 13

16

           iv. Plaintiff Fails to Demonstrate that Undergoing a Bag Check is a
              Compensable, Integral and Indispensable Activity. ..................... 14

17

        3. Alternatively, the Court Should Require a More Definite Statement............... 15

18

    B. The *Colorado River* Doctrine Compels Dismissal or a Stay of This Action As
        to Plaintiff Ino and California-based Employees:  Plaintiff Has No Basis for
19
        Proceeding with Virtually Identical Class Claims in Federal Court. .......... 16

        1. The State Court Actions and This Action are "Parallel Proceedings." ............. 16
20
        2. The *Colorado River* Factors Weigh in Favor of Dismissal or a Stay.............. 19

21

           i. Avoiding Piecemeal Litigation: Litigating the *Ino* Action While
              the State Actions Proceed Would Undeniably Result in
22
              Piecemeal Litigation and Waste Judicial Resources.......................... 19

           ii. Order in Which the Concurrent Forums Obtained Jurisdiction:
23
              The State Actions Have Progressed Much Farther Than the *Ino*
24
              Action............................................................................................ 20

           iii. Whether State or Federal Law Provides the Rule of Decision on
25
              the Merits: The State and Federal Courts Have Concurrent
              Jurisdiction. .................................................................................. 21
26
           iv. Whether the State Proceeding is Adequate to Protect the
27
              Parties' Rights: The State Court Proceedings are Adequate and
              Did Properly Adjudicate Plaintiff's Claims. ................................... 21

28

1

**TABLE OF CONTENTS**
(continued)

2
Page

3           v.  Whether the Federal Plaintiff is Engaged in Forum Shopping or
Seeking to Avoid Adverse State Court Rulings: Plaintiff is Both

4              Engaging in Forum Shopping and Attempting to Avoid the
Harmon Settlement.............................................................................. 22

5     C.  The Court Should Dismiss This Action as to Plaintiff Ino and the California-
based Employees Under its Inherent Authority to Avoid Duplicative Litigation....... 22

6

7     D.  In the Alternative, the Court Should Stay This Action Pending the U.S.
Supreme Court's Decision in *Integrity Staffing Solutions v. Busk*............................. 23

8     E.  The Court Should Strike Plaintiff's Reference to "DOE" Defendants........................ 24

IV. CONCLUSION................................................................................................................. 25

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Alvarez v. IBP, Inc.,*
339 F.3d 894 (9th Cir. 2003), *aff'd on other grounds*, 546 U.S. 21 (2005) ...................... 11, 13

*American Int'l Underwriters v. The Continental Ins. Co.,*
843 F.2d 1253 (9th Cir. 1988)...................................................................................... 19

*Anderson v. Blockbuster, Inc.,*
2010 U.S. Dist. LEXIS 53854 (E.D. Cal. 2010) ................................................ 9, 11

*Anderson v. Dist. Bd.,*
77 F.3d 364 (11th Cir. 1996)...................................................................................... 15

*Anderson v. Purdue Farms, Inc.,*
604 F. Supp. 2d 1339 (M.D. Ala. 2009) ................................................................... 15

*Arias v. Superior Court,*
46 Cal.4th 969 (2009) ................................................................................................ 18

*Ashcroft v. Iqbal,*
129 S.Ct. 1937 (2009) ........................................................................................ *passim*

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ........................................................................................... *passim*

*Big Lagoon Rancheria v. California,*
2012 U.S. Dist. LEXIS 12225 (N.D. Cal. 2012)....................................................... 24

*Bonilla v. Baker Concrete Constr., Inc.,*
487 F.3d 1340 (11th Cir. 2007) *cert. denied*, 552 U.S. 1077 (2007) ......................... 15

*Buckheit v. Dennis,*
713 F. Supp. 2d 910 (N.D. Cal. 2010) ...................................................................... 25

*Ceja-Corona v. CVS Pharm., Inc.,*
2013 U.S. Dist. LEXIS 90805 (E.D. Cal. 2013) ................................................. 14, 15

*Clark v. Lacy,*
376 F.3d 682 (7th Cir. 2004)...................................................................................... 17

*Colorado River Water Conservation Dist. v. United States,*
424 U.S. 800 (1976) ........................................................................................... *passim*

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION
AND MOTION DISMISS PLAINTIFF'S FAC OR TO
STAY PROCEEDINGS, MOTION FOR MORE
DEFINITE STATEMENT, MOTION TO STRIKE; MPA
IN SUPPORT THEREOF
CV14-00292 CW

*Crawford v. Griffin Bell*,
  599 F.2d 890 (9th Cir. 1979).............................................................. 1, 22

*De Asencio v. Tyson Foods, Inc.*,
  500 F.3d 361 (3d Cir. 2007).................................................................. 15

*Deleon v. Warner Cable LLC*,
  2009 U.S. Dist. LEXIS 74345 (C.D. Cal. 2009)................................... 5, 9

*Fireman's Fund Ins. Co. v. Quackenbush*,
  87 F.3d 290 (9th Cir. 1996).................................................................. 22

*Gintz v. Jack in the Box, Inc.*,
  2006 U.S. Dist. LEXIS 88987 (N.D. Cal. 2006)....................... 17, 19, 20

*Good v. Prudential Ins. Co. of America*,
  5 F. Supp. 2d 804 (N.D. Cal. 1998) ..................................................... 24

*Gorman v. Consol. Edison Corp.*,
  488 F.3d 586 (2d Cir. 2007) *cert. denied*, 553 U.S. 1093 (2008) .......... 15

*In re Graphics Processing Units Antitrust Litig.*,
  2007 WL 2127577 (N.D. Cal. 2007)........................................................ 7

*Graziose v. Am. Home Prod. Corp.*,
  202 F.R.D. 638 (D. Nev. 2001).............................................................. 25

*Gutierrez v. Aaron's Inc.*,
  2010 U.S. Dist. LEXIS 126828 (E.D. Cal. 2010) .................................... 9

*Harding v. Time Warner, Inc.*,
  2009 U.S. Dist. LEXIS 72851 (S.D. Cal. 2009) ...................................... 9

*IBP, Inc. v. Alvarez*,
  546 U.S. 21 (2005).......................................................................... 12, 13

*Integrity Staffing Solutions, Inc. v. Busk*,
  2014 U.S. LEXIS 1724 (U.S. Mar. 3, 2014)............................... *passim*

*Jerzak v. City of South Bend*,
  996 F. Supp. 840 (N.D. Ind. 1988)........................................................ 12

*Jones v. Casey's Gen. Stores*,
  538 F. Supp. 2d 1094 (S.D. Iowa 2008)............................................. 8, 9

*Koval v. Pacific Bell Telephone Company*,
  2012 U.S. Dist. LEXIS 113196 (N.D. Cal. 2012)........................ *passim*

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW

*Landis v. North American Co.,*
  299 U.S. 248 (1934) ................................................................................... 1, 23

*Leyva v. Cert. Grocers of Cal., Ltd.,*
  593 F.2d 857 (9th Cir. 1979) ................................................................................ 23

*Lindow v. United States,*
  738 F.2d 1057 (9th Cir. 1984) ............................................................................. 12

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.,*
  416 F.3d 940 (9th Cir. 2005) ................................................................................. 6

*Martel v. Cadjew,*
  2011 U.S. Dist. LEXIS 106575 (E.D. Cal. 2011) ................................................ 25

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,*
  460 U.S. 1 (1983) ............................................................................................ 16, 20

*Nakash v. Marciano,*
  882 F.2d 1411 (9th Cir. 1989) ..................................................................... *passim*

*Navarro v. Block,*
  250 F.3d 729 (9th Cir. 2001) ................................................................................. 6

*Ovieda v. Sodexo Operations, LLC,*
  2012 U.S. Dist. LEXIS 173844 (C.D. Cal. 2012) ........................................... 10, 11

*Pryor v. Aerotek Scientific, LLC,*
  2011 U.S. Dist. LEXIS 155080 (C.D. Cal. 2011) ........................................... 10, 11

*Silvaco Data Systems, Inc. v. Technology Modeling Associates, Inc.,*
  896 F. Supp. 973 (N.D. Cal. 1995) ....................................................................... 21

*Sleiman v. DHL Express,*
  2009 U.S. Dist. LEXIS 35812 (E.D. Pa. 2009) .................................................... 15

*Steiner v. Mitchell,*
  350 U.S. 247 (1956) .............................................................................................. 11

*Tackitt v. Superior Court,*
  2013 U.S. Dist. LEXIS 160507 (E.D. Cal. 2013) ................................................. 20

*Teamsters Local No. 175 & 505 Pension Trust Fund v. IBP, Inc.,*
  123 F. Supp. 2d 514 (D.S.D. 2000) ...................................................................... 17

*Vess v. Bank of Am., N.A.,*
  2012 U.S. Dist. LEXIS 4484 (S.D. Cal. 2012) ..................................................... 25

OHSUSA:757238646.4

- 3 -

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW

*Villacres v. ABM Industries Inc.,*
    189 Cal. App. 4th 562 (2010) ............................................................................ 18

**Statutes**

29 U.S.C. § 216(b) ............................................................................................... 20

29 U.S.C. § 254(a) ............................................................................................... 11

Fair Labor Standards Act, 29 U.S.C. § 206 ............................................. 2, 7, 8, 20

Fair Labor Standards Act, 29 U.S.C. § 207 ............................................. 2, 7, 8, 20

Portal-to-Portal Act of 1947 ........................................................................... 11, 23

**Other Authorities**

29 C.F.R. § 785.16 ............................................................................................... 13

29 C.F.R. § 785.17 ............................................................................................... 13

29 C.F.R. § 790.7(g) ............................................................................................ 11

29 C.F.R. § 790.8(c) ............................................................................................ 12

Federal Rule of Civil Procedure 12(b)(6) ................................................ 1, 2, 6, 16

Federal Rule of Civil Procedure 12(e) ......................................................... 1, 15

Federal Rule of Civil Procedure  12(f) .......................................................... 1, 24

U.S. Dept. of Labor WHD Opinion Letter, FLSA2009-17 (Jan. 16, 2009) ................................. 14

OHSUSA:757238646.4

- 4 -

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW

## NOTICE OF MOTION AND MOTION

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF TIFFANY INO AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 29, 2014 at 2 p.m., or as soon thereafter as the matter may be heard, before the Honorable Claudia Wilken, United States District Court, Northern District of California, Defendant The Gap, Inc. will and hereby does move for an order dismissing Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative for a more definite statement under Rule 12(e). Should the Court not dismiss Plaintiff's FAC entirely, Gap moves for an order dismissing or staying all of Plaintiff's claims on behalf of herself and California-based collective action members pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) and/or the Court's inherent authority to avoid duplicative litigation. *See Crawford v. Griffin Bell*, 599 F.2d 890 (9th Cir. 1979). Alternatively, Gap requests that the Court stay Plaintiff's bag check-related claims pending the U.S. Supreme Court's decision in *Integrity Staffing Solutions v. Busk*. *See Landis v. North American Co.*, 299 U.S. 248 (1934). Lastly, Gap moves for an order striking the improperly pled DOE defendants from Plaintiff's FAC pursuant to Rule 12(f).

Plaintiff's FAC fails to meet the pleading standard established by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Specifically, the FAC is comprised of formulaic recitations of legal allegations and conclusory assertions of liability, but is devoid of the facts required to show an entitlement to relief. Should the Court not dismiss the FAC entirely, the Court should dismiss or stay all of Plaintiff's claims on behalf of herself and collective action members in California pursuant to *Colorado River* or the Court's inherent authority to avoid duplicative litigation. Gap is currently defending against Plaintiff and her counsel in two other pending cases that assert the identical issues on behalf of California employees in state court. Alternatively, Gap requests that the Court stay Plaintiff's bag check-related claims pending the U.S. Supreme Court's decision in *Integrity Staffing Solutions v. Busk*, as the outcome of that case will directly impact Plaintiff's

1

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION
AND MOTION DISMISS PLAINTIFF'S FAC OR TO
STAY PROCEEDINGS, MOTION FOR MORE
DEFINITE STATEMENT, MOTION TO STRIKE; MPA
IN SUPPORT THEREOF
CV14-00292 CW

1   claims.  Lastly, Gap requests that the Court strike allegations regarding DOE defendants as

2   improper because there is no provision in the FRCP permitting the use of fictitious defendants.

3        This motion is based upon this Notice of Motion and Motion, the Memorandum of Points

4   and Authorities in support thereof, the Declaration of Jessica Perry in support thereof, any reply

5   brief filed in support of this motion, the papers on file in this action, oral argument at the hearing,

6   and any other matters that the Court may properly consider.

7   **MEMORANDUM OF POINTS AND AUTHORITIES**

8   **I.   INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED**

9        Plaintiff's FAC suffers from multiple defects that compel its dismissal or a stay of this

10  action.  Although this is Plaintiff's second opportunity to plead adequate allegations, she once

11  again fails to plead sufficient facts to state a cause of action under Rule 12(b)(6).  Plaintiff's new

12  allegations are entirely speculative, extremely broad, and fail to support her claims.

13       Rather than pleading facts demonstrating that Gap violated Sections 206 and 207 of the

14  Fair Labor Standards Act, she simply added "examples of Defendants' policies and practices"

15  that supposedly deprived Plaintiff and the potential class of overtime and minimum wages, like

16  the purported policy that Gap "requir[es] Plaintiff and the Nationwide Collective Class members

17  to perform several tasks prior to clocking in, such as locating and opening secured lockers,

18  putting away their personal belongings, putting on their name badges, locating, testing, sanitizing,

19  and putting on a walkie talkie, and obtaining fitting room keys." FAC ¶¶ 21(b), 22(b).  She does

20  not, however, allege that these purported "policies and practices" actually applied to her (or the

21  collective action members), that she followed any of the policies or practices, or that she <u>actually</u>

22  performed any of these activities.  Without any facts that these purported policies <u>actually</u>

23  <u>resulted</u> in unpaid overtime and minimum wages, Plaintiff's FAC fails to meet the requirements

24  of *Iqbal* and *Twombly* and state a plausible claim for relief.  Furthermore, any time spent on the

25  activities Plaintiff alleges to support her FAC is not compensable time under the FLSA and

26  therefore it cannot form the basis for Plaintiff's unpaid overtime and minimum wage claims.

27  Thus, the FAC must be dismissed for failure to state a plausible claim for relief.  Alternatively,

28

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW

1   the Court should require that Plaintiff provide a more definite statement because her FAC is so

2   vague that Gap is unable to reasonably frame a responsive pleading.

3         Should the Court not dismiss the FAC entirely for failure to state a claim, the Court

4   should dismiss or stay all of Plaintiff's claims on behalf of herself and collective action members

5   in California pursuant to *Colorado River* or the Court's inherent authority to avoid duplicative

6   litigation. Gap is currently defending against Plaintiff and her counsel in two other pending cases

7   that assert the identical issues on behalf of California employees in state court. Plaintiff cannot

8   litigate the same issues in two forums simultaneously. Alternatively, Gap requests that the Court

9   stay Plaintiff's bag check-related claims pending the United State Supreme Court's decision in

10   *Integrity Staffing Solutions v. Busk*, as the outcome of that case will directly impact Plaintiff's

11   claims. Lastly, Gap requests that the Court strike the improperly pled DOE defendants.

12   **II. STATEMENT OF RELEVANT FACTS**

13       **A. The Parallel, First Filed *Harmon* and *Collins* State Court Actions.**

14         On April 24, 2012, Plaintiff Harmon filed a class action complaint against The Gap, Inc.

15   (the "*Harmon* Action") entitled *Anthonaya Harmon v. The Gap, Inc.*, Case No. RIC1206120.

16   The *Harmon* Action is pending in Riverside County Superior Court. *See* Declaration of Jessica

17   Perry in support of Defendant's Motion to Dismiss ("Perry Decl.") ¶ 2, Exh. A.

18         Over a year after the *Harmon* Action was filed and extensively litigated, on July 15, 2013,

19   Plaintiff Collins filed a nearly identical class action complaint against The Gap, Inc. (the "*Collins*

20   Action") entitled *Erin Collins v. The Gap, Inc.*, Case No. CGC-13-532831. The *Collins* Action is

21   pending in San Francisco County Superior Court. *See* Perry Decl. ¶ 3, Exh. B. <u>Counsel for</u>

22   <u>plaintiff in the *Collins* Action, Shenkman and Hughes, is also counsel for Plaintiff Ino here.</u> *Id.*

23         The *Harmon* and *Collins* Actions involve <u>nearly identical claims</u> (failure to pay all wages

24   due, overtime wages, and minimum wage; failure to provide meal periods and to authorize and

25   permit rest breaks; failure to provide timely or accurate final paychecks; failure to keep proper

26   records; failure to provide accurate wage statements; failure to reimburse business expenses; and

27   engaging in unfair business practices) <u>on behalf of the same parties</u> (all current and former

28

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW

hourly-paid or non-exempt individuals employed by The Gap, Inc. in its Gap retail stores within California) against the same defendant (The Gap, Inc.).[1]  *Id.* at Exhs. A-B.  After Harmon filed her complaint, she engaged in extensive discovery and investigation. *Id.* at ¶ 5.  The parties exchanged information relating to Gap's policies and practices, as well as information relating to the composition of the class.  *Id.*  Plaintiff took the depositions of three person most qualified witnesses on 35 topics, and Gap deposed Harmon.  *Id.*  Gap also provided Plaintiff with a 15% sampling of putative class members' time records and payroll records, and both parties retained economists to analyze the sampling of time records and payroll records.  *Id.*

On August 30, 2013, after well over a year of litigating the case and extensive written discovery and depositions, Harmon filed her Motion for Class Certification. *Id.* at ¶ 6. Shortly after Gap filed its opposition and before Harmon filed her reply, the parties in the *Harmon* Action agreed to mediate the case and filed a joint stipulation to continue the class certification briefing schedule and hearing while the parties discussed a classwide settlement.  *Id.*  The parties then mediated the *Harmon* Action before experienced mediator Mark. S. Rudy, Esq., and with the assistance of Mr. Rudy, the parties reached a full and final resolution on December 16, 2013.  *Id.*  The parties entered into a Stipulation and Settlement Agreement of Class Action Claims on or about February 24, 2014 (the "*Harmon* Settlement").  The Court granted Preliminary Approval to the *Harmon* Settlement on March 24, 2014.  Perry Decl. ¶ 7, Exhs. D, E.

Pursuant to the terms of the *Harmon* Settlement, the *Harmon* class agreed to release and forever discharge The Gap, Inc. from:

> all claims, demands, rights, liabilities, and causes of action that were or could have been asserted (whether in tort, contract, or otherwise) for violation of local, state, and federal law arising out of, or relating to, the facts and allegations pled in the First Amended Complaint that [The Gap, Inc.] failed to pay all wages due, failed to pay overtime wages due, failed to pay the minimum wage, failed to provide meal periods, failed to authorize and permit rest breaks, failed to provide timely or accurate final paychecks, failed to

---

[1] Indeed, the cases are so similar that Plaintiff Collins filed a Notice of Related Case, noting the actions "arise[] from the same or substantially identical transactions, incident, or events requiring the determination of the same or substantially identical questions of law or fact" and "[are] likely for other reasons to require substantial duplication of judicial resources if heard by different judges."  Perry Decl. ¶ 4, Exh. C.

1    keep records properly concerning time worked and wages paid, failed to provide
2    accurate itemized wage statements, failed to reimburse necessary business expenses,
     and/or engaged in unfair business practices, and for penalties under the Private Attorney
3    General Act of 2004 at any time on or before the date of Preliminary Approval.

4    Perry Decl., Exh. D.

5          Accordingly, the *Harmon* Settlement, once finally approved, will decide all of the issues,

6    and have a preclusive effect on, the California putative collective action members' claims in this

7    subsequently-filed proceeding and the *Collins* Action. Indeed, Plaintiff Ino is a class member in

8    both the *Harmon* and *Collins* Actions. *Id.* at ¶¶ 2, 3. Thus, once the *Harmon* Settlement is finally

9    approved, Plaintiff will be precluded from bringing any claims, including any federal claims,

10   against The Gap, Inc. unless she affirmatively requests exclusion in accordance with the

11   procedure set forth in the *Harmon* settlement agreement. *See* Perry Decl., Exhs. D, E.

12          **B.   The Duplicative *Ino* Federal Court Action.**

13          Apparently disappointed that their *Collins* Action was mooted by the *Harmon* Settlement,

14   Plaintiff's counsel now attempts to bring the same case again, this time in a different forum, and

15   now on behalf of a nationwide class.[2]  Plaintiff Ino seeks to bring a collective action against The

16   Gap, Inc. on behalf of "All current and former hourly-paid or non-exempt store-level employees

17   employed by any of the Defendants at any time during the period from January 17, 2011 to final

18   judgment (the 'Nationwide Collective Class')." FAC ¶ 11. The *Ino* Action involves substantially

19   the same parties as the *Harmon* and *Collins* Actions, seeks recovery on behalf of the class pled in

20   the *Harmon* and *Collins* Actions against the same defendant, and involves similar allegations and

21   factual issues.[3]  Both the state and federal cases involve claims of unpaid overtime and minimum

22

23   [2] Counsel in the *Collins* Action, Edwin Aiwazian of Lawyers for Justice and Kevin Shenkman of
     Shenkman and Hughes, are apparently teaming up to file these parallel federal actions, in addition
24   to simultaneously pursing state actions.  Mr. Shenkman filed the instant *Ino* Action on behalf of
     Gap brand employees, while Mr. Aiwazian used Mr. Shenkman's *Ino* Complaint to file a virtually
25   identical action in this court against another Gap-related entity, Banana Republic, LLC (*Perez v.
     Banana Republic, LLC*), against whom he is also currently pursuing a state court action involving
26   the same issues.  Perry Decl. ¶ 8, Exhs. F, G.

27   [3] Plaintiff Harmon filed a Notice of Related Case regarding the present action in the *Harmon*
     court, noting that the cases "arise[] from the same or substantially identical transactions" and

28

OHSUSA:757238646.4                          - 5 -

1    wage compensation.  And both the state and federal cases seek to represent a class of current and

2    former non-exempt employees working in Gap stores in California; the *Ino* Action also seeks to

3    represent current and former non-exempt employees working in Gap stores outside of California.

4    **III.    ARGUMENT**

       **A.   <u>The Court Should Dismiss Plaintiff's Claims for Failure to State a Claim</u>**

5          **<u>Under FRCP 12(b)(6).</u>**

6       A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro*

7    *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal for failure to state a claim is appropriate

8    where it appears beyond doubt that a plaintiff can prove no set of facts to support her claim for

9    relief. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  A

10    motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim

11    to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

12       *Twombly* and *Iqbal* set forth a two-step process for analyzing the sufficiency of a

13    complaint when challenged via a motion to dismiss.  First, the Court must accept as true all

14    factual allegations, but exclude/ignore any "conclusory statements" or "threadbare recitals of the

15    elements." *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 555) ("we 'are not bound to

16    accept as true a legal conclusion couched as a factual allegation'").  "[P]leadings that [] are no

17    more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950.

18       Second, the Court must determine whether the complaint on its face states a plausible

19    claim for relief. *Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 570).  "The plausibility

20    standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility

21    that a defendant has acted unlawfully." *Id.*  Where a complaint pleads facts that are "merely

22    consistent with" a defendant's liability, it "stops short of the line between possibility and

23    plausibility of 'entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).  Therefore,

24    *Twombly* made clear that it is not proper for a court to assume that a plaintiff can prove facts she

25    has not alleged or that the defendant has violated laws in ways not alleged. *Twombly*, 550 U.S. at

26

27    "[are] likely for other reasons to require substantial duplication of judicial resources if heard by
different judges."  See Perry Decl. ¶ 9, Exh. H.

28

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW

1    563 n.8 (*quoting Associated Gen. Contractors of California, Inc. v. California State Council of*

2    *Carpenters*, 459 U.S. 519, 526 (1983)).  If a plaintiff's allegations do not bring her "claims across

3    the line from conceivable to plausible, [her] complaint must be dismissed." *Id.* at 570.

4         Plaintiff fails to satisfy *Iqbal* and *Twobly*'s requirement that a complaint, on its face, state

5    a plausible claim for relief.  Accordingly, the Court should dismiss her claims.[4]

6              **1.   Plaintiff's Allegations Are Insufficient Under *Iqbal* and *Twombly***
                      **Because She Has Not Stated a Plausible Claim for Relief.**
7

8         The only factual allegations Plaintiff includes in her FAC[5] are entirely speculative,

9    extremely broad, and do not demonstrate any causal connection between her allegations and the

10   supposed failure to provide Plaintiff and the putative collective action members overtime or

11   minimum wages.  Plaintiff's factual allegations are based on information and belief, and are

12   limited to a list of "improper wage and hour policies and practices" in which Gap purportedly

13   engaged.  FAC ¶¶ 21-22. The "examples of Defendants' policies and practices" are:

14      a)  "Requiring Plaintiff and the Nationwide Collective Class members to wait and undergo
            off-the-clock bag and/or coat checks when they exit the store for any meal break and
15          when they exit the store after the clock out at the end of their shifts;" (FAC ¶¶ 21(a),
            22(a))
16

17      b)  "[R]equiring Plaintiff and the Nationwide Collective Class members to perform several
            tasks prior to clocking in, such as locating and opening secured lockers, putting away
18          their personal belongings, putting on their name badges, locating, testing, sanitizing, and
            putting on a walkie talkie, and obtaining fitting room keys;"  (FAC ¶¶ 21(b), 22(b))
19

20      c)  "Requiring at least two employees to open a store.  When Plaintiff and the Nationwide
            Collective Class members arrive on time for their opening shifts, but the second
21

---

22   [4] Dismissal for failure to meet the *Twombly* standard is especially vital for cases, like this one, in
     which the threat of "sprawling, costly, and hugely time-consuming" discovery "will push cost-
23   conscious defendants to settle even anemic cases." *Twombly*, 550 U.S. at 559, 560 n. 6;  *see also
     In re Graphics Processing Units Antitrust Litig.*, 2007 WL 2127577, *23 (N.D. Cal. 2007)
24   (allowing discovery prior to determining sufficiency of allegations in cases involving burdensome
     discovery would "defeat one of the rationales of *Twombly*.").
25
     [5] Plaintiff pleads only the first four allegations to support for first cause of action for Violation of
26   Fair Labor Standards Act, 29 U.S.C. § 207 (Unpaid Overtime).  FAC ¶¶ 21(a)-(d).  She pleads all
     six to support her second cause of action for Violation of Fair Labor Standards Act, 29 U.S.C. §
27   206 (Unpaid Minimum Wages).  FAC ¶¶ 22(a)-(f).

28
                                                    DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
                                                    MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
     OHSUSA:757238646.4              - 7 -          PROCEEDINGS, MOTION FOR MORE DEFINITE
                                                    STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
                                                    CV14-00292 CW

1  employee has not yet arrived, Plaintiff and the Nationwide Collective Class have to wait
2  outside the store off-the-clock until that second employee arrives;" (FAC ¶¶ 21(c), 22(c))

3  d) "Requiring all employees to complete any assignment that services customers and
achieves efficient store operation even when those employees are clocked out, including,
4  for example, requiring and/or pressuring Plaintiff and the Nationwide Collective Class
members to treat customers and related job duties as their top priority, and to service
5  customers before [hey] clock in for their shifts, while they are clocked out for their meal
breaks, and after they have clocked out at the end of their shifts;" (FAC ¶¶ 21(d), 22(d))
6

7  e) "Requiring Plaintiff and the Nationwide Collective Class members to retrieve and review
their schedules on their personal smart phones or personal computers if they are not in the
8  store when the schedule is posted;" (FAC ¶ 22(e)) and

9  f) "Requiring Plaintiff and the Nationwide Collective Class members to be scheduled on-
call. When Plaintiff and the Nationwide Collective Class members were and/or
10  scheduled on-call, they must call the store two hours prior to the start of the potential
shift to determine if they are needed for the shift." (FAC ¶ 22 (f)).
11

12      Nowhere, however, does Plaintiff allege that she or the putative class <u>actually</u> complied

13  with these purported requirements and/or <u>actually</u> performed any of these activities. She does not

14  allege, for example, that she (or the collective action members) ever brought a bag to work and

15  had to undergo a bag check; brought personal belongings to work, had to locate a locker, and then

16  place those belongings in the locker; wore a name badge; used a walkie talkie; needed a fitting

17  room key; worked an opening shift; had to wait for a second employee to arrive after the shift had

18  already begun when working an opening shift; serviced customers while not being clocked in;

19  reviewed a schedule on a phone or computer; and/or was scheduled for an on-call shift.

20      Rather than notifying Gap of <u>how</u> it allegedly violated Sections 206 and 207 of the FLSA

21  – or that any violations of Sections 206 and/or 207 <u>actually occurred</u> – these allegations merely

22  put Gap on notice that certain alleged wage and hour practices <u>may</u> have resulted in violations of

23  law. Simply alleging that Gap "engaged" in certain "policies and practices" is insufficient under

24  *Iqbal* and *Twombly*. FAC ¶¶ 21, 22; *see e.g. Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094,

25  1102-03 (S.D. Iowa 2008) (holding the following allegations insufficient: "Through its actions,

26  policies and practices, Defendant violated the FLSA minimum wage and overtime pay

27
28
DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW

1  requirements by regularly and repeatedly failing to compensate Plaintiffs and similarly situated

2  individuals for all hours actually worked.").

3       Even if Gap did "engage" in the alleged unspecified "policies and practices," this fact

4  would merely be consistent with a failure to provide overtime or minimum wages – but, without

5  additional facts, these allegations do not make it "plausible" that Gap actually failed to provide

6  overtime or minimum wages. *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 557)

7  (merely pleading facts consistent with defendants' liability stops short of plausibility).  The fact

8  that an employer has a policy requiring a bag check, or requiring any personal items be in a

9  locker, or that an employee obtain a schedule to show up to work, does not, on its own, entitle an

10  employee to overtime.  Rather, Plaintiff must allege that she and the putative collective action

11  members <u>actually performed</u> these duties, allege the approximate hours worked for which wages

12  were not received, indicate the applicable rate of pay, and allege the amount of overtime or

13  minimum wages due.  *See Harding v. Time Warner, Inc.*, 2009 U.S. Dist. LEXIS 72851, *9 (S.D.

14  Cal. 2009) ("[W]here the plaintiff alleges violations of the FLSA's minimum wage provision, the

15  complaint should, at least approximately, allege the hours worked for which these wages were not

16  received." (*quoting Jones*, 538 F. Supp. 2d at 1102).  Here, not only does Plaintiff fail to allege

17  that she actually performed any of the activities listed in the FAC, she also fails to provide any

18  specific information regarding how many hours she actually worked; whether she recorded or

19  reported any of the time she spent actually performing any of the above activities; or whether she

20  was paid for some or none of the time she spent actually performing any of the above activities.

21       Legal conclusions with limited factual allegations like these do not demonstrate a

22  "plausible" claim.  *Gutierrez v. Aaron's Inc.*, 2010 U.S. Dist. LEXIS 126828, *8-9 (E.D. Cal.

23  2010) ("With only a legal conclusion and limited factual allegations supporting the claim,

24  Plaintiff has merely alleged a suspicion of a right to relief.  He has not nudged his claim across

25  the line from conceivable to plausible."); *see also Anderson v. Blockbuster, Inc.*, 2010 U.S. Dist.

26  LEXIS 53854, *3 (E.D. Cal. 2010) ("These conclusory allegations do not meet minimum

27  pleading requirements. Plaintiff fails to state when or how defendant failed to pay the required

28

1  wages. Without more, such legal conclusions do not suffice."); *Deleon v. Warner Cable LLC*,

2  2009 U.S. Dist. LEXIS 74345 (C.D. Cal. 2009).

3         Indeed, courts have dismissed complaints including far more robust allegations than those

4  alleged here. For example, in *Pryor v. Aerotek Scientific, LLC*, 2011 U.S. Dist. LEXIS 155080

5  (C.D. Cal. 2011), the plaintiff brought a class action against her employer for failure to pay

6  overtime wages, among other claims, alleging that her employer had a written policy that required

7  employees to report to work "at least 10 minutes and as much as 20 minutes prior to their official

8  start times in order to perform their pre-shift work activities." *Id.* at *5-6. She alleged that her

9  employer failed to pay overtime compensation due to employees for their pre-shift activities, that

10  the pre-shift activities were done before the regular 8 hour shift, and that employees "were only

11  being paid for the time from the official start time onwards, but not from the time employees

12  actually started working in accordance with [the employer's] instructions." *Id.* at *5-7, n. 20.

13  Plaintiff attached the relevant employer policies to her amended complaint. *Id.* at *7.

14         The *Pryor* court dismissed the complaint because "[s]uch conclusory allegations are

15  insufficient to satisfy the pleading standard established in *Twombly* and *Iqbal*." *Id.* at *7 n. 20.

16  Although the complaint alleged that the employer required employees to arrive early and

17  employees were not compensated for pre-shift time, the complaint failed to include "any

18  allegation that [plaintiff] in fact arrived ten to twenty minutes before her shift to perform pre-shift

19  duties" and thus her complaint only contained "the type of 'threadbare recitals of a cause of

20  action's elements, supported by mere conclusory statements' that *Iqbal* rejected." *Id.* at *6, 9

21  ("complaint shows that it implies, but does not specifically plead, key factual allegations").

22         Likewise, in dismissing the plaintiff's class action complaint in *Ovieda v. Sodexo*

23  *Operations, LLC*, 2012 U.S. Dist. LEXIS 173844 (C.D. Cal. 2012), the court held the following

24  allegations were too "bare-bones" and "devoid of sufficient factual enhancement" to allow the

25  court "to draw the reasonable inference that Defendant is liable for the misconduct alleged": (i)

26  plaintiff was not provided timely meal and rest periods because she had a "heavy work load" and

27  feared reprimand, (ii) she was not allowed to leave the work area during her 30-minute lunch

28

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW

1  break unless she told supervisors exactly where she was going and when she would return, and

2  (iii) she worked off-the-clock to finish her duties to avoid performance warnings since overtime

3  was discouraged by management." *Ovieda*, 2012 U.S. Dist. LEXIS 173844 at *8-9. The court

4  also noted the complaint failed to plead, among other things, "any factual detail to show what

5  policies and practices Defendants used to manage employees with [plaintiff's] job duties (and

6  whether those policies and practices were company-wide or unique to Plaintiff's job site)." *Id.* at

7  *10; *see also Anderson*, 2010 U.S. Dist. LEXIS 53854 at *3 (allegations that plaintiff and class

8  "consistently worked in excess of eight hours a day, in excess of 12 hours in a day and/or in

9  excess of 40 hours in a week" and defendants "willfully failed to pay all overtime" insufficient).

10        The allegations in *Pryor*, *Ovieda*, and *Anderson* are more comprehensive than Plaintiff's,

11  yet were nonetheless dismissed for failure to state a plausible claim. As in *Pryor*, instead of

12  "specifically alleging that she worked [] hours for which she was not compensated, [Plaintiff]

13  asks the court to *infer* from the general allegations found in the first amended complaint that she

14  complied with [Gap's alleged] policy." *Pryor*, 2011 U.S. Dist. LEXIS 155080 at *12. But

15  pursuant to *Twombly* and *Iqbal*, "the court is not at liberty to do so." *Id.* at *12. As Plaintiff's

16  allegations do not state a plausible claim for relief, her FAC must be dismissed.

17            **2.  Any Time Spent on the Alleged Activities is Not Compensable under
the FLSA.**

18

19        Even assuming Plaintiff's conclusory allegations are true, any time spent on the alleged

20  activities is not compensable time under the FLSA. The FLSA, as amended by the Portal-to-

21  Portal Act of 1947, generally precludes compensation for activities that are "preliminary" or

22  "postliminary" to an employee's "principal activities." 29 U.S.C. § 254(a). It is only when

23  preliminary and postliminary activities are "integral and indispensable" to an employee's

24  principal activities that they become compensable. *Steiner v. Mitchell*, 350 U.S. 247 (1956). To

25  be "integral and indispensable," an activity must be (1) "necessary to the principal work

26  performed" and (2) "done for the benefit of the employer." *Alvarez v. IBP, Inc.*, 339 F.3d 894,

27  902-03 (9th Cir. 2003), *aff'd on other grounds*, 546 U.S. 21 (2005); 29 C.F.R. § 790.7(g)

28

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW

1   (activities like "checking in and out and waiting in line to do so, changing clothes, washing up or

2   showering, and waiting in line to receive pay checks" not compensable under the FLSA if

3   "performed under the conditions normally present."). And just because an activity may be

4   necessary does not mean that it is integral or indispensable. "[T]he fact that certain preshift

5   activities are necessary for employees to engage in their principal activities does not mean that

6   those preshift activities are 'integral and indispensable' to a 'principal activity.'" *IBP, Inc. v.*

7   *Alvarez*, 546 U.S. 21, 40-41 (2005) (internal citations omitted).

8        Plaintiff bases her FAC on activities that fall squarely outside the definition of "integral

9   and indispensable" and are thus non-compensable. Because time spent on these activities is non-

10  compensable, the time cannot form the basis for Plaintiff's unpaid overtime and minimum wage

11  claims and thus her FAC must be dismissed for failure to state a claim.

12
13            **i.  Time Spent Locating and Opening Secured Lockers and**
                       **Putting Away Personal Belongings is Not Compensable.**

14       Plaintiff has alleged no facts, nor could she, that Gap requires its employees bring their

15  personal belongings to work to store in a locker. The act of using a locker is not necessary, or

16  even related, to the principal work performed, nor is it done for the benefit of the employer.

17  Instead, it is clearly a personal choice to bring one's personal belongings into the worksite and it

18  is only to the benefit and for the convenience of the employee that Gap provides secure storage

19  for such personal belongings. *See e.g.* 29 C.F.R. 790.8(c) ("if [the activity] is merely a

20  convenience to the employee and not directly related to his principal activities, it would be

21  considered as a 'preliminary' or 'postliminary' activity rather than a principal part of the

22  activity."); *Jerzak v. City of South Bend*, 996 F. Supp. 840, 848 (N.D. Ind. 1988) ("Activities are

23  classified as preliminary or postliminary only if they are 'undertaken for [the employees'] own

24  convenience, not being required by the employer and not being necessary for the performance of

25  their duties for the employer.'") (*quoting Dunlop v. City Elec., Inc.*, 527 F.2d 394, 398 (5th Cir.

26  1976); *Lindow v. United States*, 738 F.2d 1057, 1061 (9th Cir. 1984) (pre-shift work preliminary

27
28

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW

1    because done for employee's own convenience).  Accordingly, this allegation cannot serve as the

2    basis for Plaintiff's unpaid overtime and minimum wage claims.

3                    ii.    **Time Spent Retrieving and Reviewing Schedules is Not**
                           **Compensable.**
4

5           The time an employee spends retrieving and reviewing his or her schedule is also not

6    compensable time.  Retrieving and reviewing a schedule is not "integral and indispensable" to an

7    employee's principal work duties: selling Gap merchandise.  The schedule merely tells the

8    employee when to show up to work; it has nothing to do with the job duties themselves.

9    Although reviewing a schedule may be arguably necessary, the analysis is not whether a certain

10   activity is necessary or required, but rather, whether it is integral to the principal job duties that

11   the employee is employed to perform.  *IBP, Inc.*, 546 U.S. at 40 ("fact that certain preshift

12   activities are necessary for employees to engage in their principal activities does not mean that

13   those preshift activities are integral and indispensable to a principal activity.").  In *IBP, Inc.*, for

14   example, the Supreme Court held that "time spent waiting to don" protective clothing before a

15   shift "comfortably qualif[ied]" as non-compensable, even though employees necessarily had to do

16   so to perform their jobs.  *Id.* at 40-41.  Thus, Plaintiff's allegation that she and the collective

17   action members should be compensated for retrieving and reviewing schedules cannot serve as

18   the basis for her unpaid minimum wage claim.

19                  iii.    **On-Call Time is Not Compensable Where, As Here, Employees**
                           **are Able to Use the On-Call Time For Their Own Purposes.**
20
            Plaintiff alleges that time spent on-call is compensable because employees are required to

21   call the store two hours prior to the start of their potential shift to determine if they are needed,

22   and could not accept other employment.  FAC ¶ 22(f).  But this does not make such time

23   compensable under the FLSA.  29 C.F.R. § 785.17 ("An employee who is required to remain on

24   call on the employer's premises or so close thereto that he cannot use the time effectively for his

25   own purposes is working while 'on call'.  <u>An employee who is not required to remain on the</u>

26   <u>employer's premises but is merely required to leave word at his home or with company officials</u>

27   <u>where he may be reached is not working while on call.</u>"); 29 C.F.R. § 785.16 ("Periods during

28
                                                      DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
                                                      MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
                                                      PROCEEDINGS, MOTION FOR MORE DEFINITE
                                                      STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
                                                      CV14-00292 CW

1    which an employee is completely relieved from duty and which are long enough to enable him to

2    use the time effectively for his own purposes are not hours worked.").

3           Plaintiff does not allege that she and the other putative collective action members were

4    required to remain on Gap's premises or so close thereto that they were unable to use the time

5    effectively for their own purposes.  In fact, her allegations admit the opposite is true – employees

6    could be two hours away when they called to determine <u>if</u> they would need to work, and would be

7    advised *two hours in advance* that they were free to use the on-call time for other purposes.  The

8    Department of Labor recently found that a <u>more restrictive</u> on-call requirement did not result in

9    compensable time.  *See* U.S. Dept. of Labor WHD Opinion Letter, FLSA2009-17 (Jan. 16, 2009).

10   There, on-call employees were expected to respond within 45-60 minutes of receiving an

11   emergency call, and the travel time to a required location was approximately 5-20 minutes.  *Id.*

12   Noting that "[w]hether on-call time constitutes hours worked depends upon the employee's

13   ability to use the on-call time for his or her own purposes," the DOL found that these

14   requirements were "not so restrictive as to constitute hours worked," and therefore the employer

15   did "not need to compensate employees while on call."  *Id.*  This time is thus not compensable

16   under the FLSA and cannot serve as the basis for Plaintiff's unpaid minimum wage claim.

17                    iv.   **Plaintiff Fails to Demonstrate that Undergoing a Bag Check is a**
                           **Compensable, Integral and Indispensable Activity.**
18

19          Plaintiff alleges that Gap had policies and practices requiring putative collective action

20   members "to wait and undergo off-the-clock bag and/or coat checks when they exit the store for

21   any meal break and when they exit the store after the clock out at the end of their shifts."  FAC ¶¶

22   21(a), 22(a).  She does not, however, plead any facts suggesting that submitting to these checks

23   was either necessary to the work performed or done for Gap's benefit – factors she is must show

24   to demonstrate that this activity was "integral and indispensable" and thus compensable.  "The

25   Ninth Circuit defines 'integral and indispensable' to mean 'necessary to the principal work

26   performed and done for the benefit of the employer.'"  *Ceja-Corona v. CVS Pharm., Inc.*, 2013

27   U.S. Dist. LEXIS 90805 (E.D. Cal. 2013) (*quoting Bamonte v. City of Mesa*, 598 F.3d 1217, 1225

28

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW

1  (9th Cir. 2010)) (dismissing bag check claim because plaintiff failed to plead that employer

2  benefited from security checks). Because Plaintiff fails to allege that submitting to bag checks

3  was an integral and indispensable activity for which she should be compensated, this claim must

4  be dismissed.

5         Further, even had Plaintiff adequately pled this claim, it must still be dismissed. The

6  great weight of federal authority holds that time spent in a security screening or bag check is not

7  compensable time. *See e.g. Gorman v. Consol. Edison Corp.*, 488 F.3d 586 (2d Cir. 2007) *cert.*

8  *denied*, 553 U.S. 1093 (2008) (power plant); *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d

9  1340, 1344-45 (11th Cir. 2007) *cert. denied*, 552 U.S. 1077 (2007) (airport); *De Asencio v. Tyson*

10 *Foods, Inc.*, 500 F.3d 361, 364 n.5 (3d Cir. 2007); *Ceja-Corona*, 2013 U.S. Dist. LEXIS 90805

11 (distribution center); *Anderson v. Purdue Farms, Inc.*, 604 F. Supp. 2d 1339, 1359 (M.D. Ala.

12 2009) (food-processing plant); *and Sleiman v. DHL Express*, 2009 U.S. Dist. LEXIS 35812, *7-

13 12 (E.D. Pa. 2009) (mail-sorting center). The Supreme Court recently accepted this issue for

14 review. *Integrity Staffing Solutions, Inc. v. Busk*, 2014 U.S. LEXIS 1724 (U.S. Mar. 3, 2014).

15 Consequently, time spent waiting for and undergoing a bag or coat check is not compensable time

16 and therefore cannot serve as the basis for her unpaid overtime and minimum wage claims.

17         **3. Alternatively, the Court Should Require a More Definite Statement.**

18        Under Rule 12(e), the Court has broad discretion to order Plaintiff to provide a more

19 definite statement where the complaint is "so vague or ambiguous" that Gap "cannot reasonably

20 prepare a response." Fed. R. Civ. P. 12(e). An order for a more definite statement serves the

21 Court's and the parties' interests because "[u]nless cases are pled clearly and precisely, issues are

22 not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the

23 litigants suffer, and society loses confidence in the court's ability to administer justice."

24 *Anderson v. Dist. Bd.*, 77 F.3d 364, 367 (11th Cir. 1996) (holding trial court should have

25 instructed plaintiff's counsel to provide more definite statement). Should this Court determine

26 that a motion to dismiss is not warranted, it should order a more definite statement from Plaintiff

27 to address the above issues.

28

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW

1

**B. The *Colorado River* Doctrine Compels Dismissal or a Stay of This Action As to Plaintiff Ino and California-based Employees: Plaintiff Has No Basis for Proceeding with Virtually Identical Class Claims in Federal Court.**

2

3      Should the Court not dismiss Plaintiff's FAC for failure to state a claim under Rule

4    12(b)(6), Gap requests that the Court dismiss or stay this action as to Plaintiff Ino and the

5    California-based employees pursuant to the *Colorado River* doctrine.  Under the *Colorado River*

6    doctrine, a federal court may dismiss a federal action to avoid duplicative litigation where a

7    parallel action is pending in state court.  *Colorado River Water Conservation Dist. v. United*

8    *States*, 424 U.S. 800, 817 (1976) (federal courts are empowered to dismiss a federal action "in

9    situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal

10   courts or by state and federal courts.").  The doctrine "rest[s] on considerations of 'wise judicial

11   administration, giving regard to conservation of judicial resources and comprehensive disposition

12   of litigation." *Id, quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183

13   (1952); *see also Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15

14   (1983).  Dismissal is appropriate under *Colorado River* where (i) a "parallel" state court

15   proceeding is pending, and (ii) the balance of non-exclusive factors weigh in favor of abstention.

16   *Nakash v. Marciano*, 882 F.2d 1411 (9th Cir. 1989).

17      The California employees' claims should be dismissed pursuant to *Colorado River*

18   because the *Ino* Action, at least with regard to the California-based employees' claims, bears all

19   the hallmarks of the "vexatious" and "reactive nature" that courts should consider in deciding

20   whether to defer to a parallel state litigation.  *Moses H. Cone Memorial Hosp.*, 460 U.S. at 17

21   n.20.  It is without doubt that Plaintiff – or rather, her counsel – brought this redundant action

22   because they are precluded from further litigating the *Collins* Action, as the claims in *Collins* are

23   subject to dismissal due to the *Harmon* Settlement.

24      **2.   The State Court Actions and This Action are "Parallel Proceedings."**

25      The *Colorado River* doctrine does not require that the two actions be identical or exactly

26   parallel; rather, "[i]t is enough if the two proceedings are 'substantially similar.'" *Nakash*, 882

27   F.3d at 1416 ("exact parallelism…is not required.'").  "The mere presence of additional parties or

28

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND MOTION DISMISS PLAINTIFF'S FAC OR TO STAY PROCEEDINGS, MOTION FOR MORE DEFINITE STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT CV14-00292 CW

OHSUSA:757238646.4                    - 16 -

1     issues in one of the cases will not necessarily preclude a finding that they are parallel." *Gintz v.*

2     *Jack in the Box, Inc.*, 2006 U.S. Dist. LEXIS 88987, *8-9 (N.D. Cal. 2006).

3           Indeed, even the fact that two proceedings cover different claims and different class

4     periods, and involve different representative plaintiffs and different class members does not

5     preclude a finding that the cases are substantially similar. *See e.g. Gintz*, 2006 U.S. Dist. LEXIS

6     88987 at *11-12 (substantially similarity even though federal action cited violations of statutes

7     not included in the state action because "both actions allege the same factual conditions and all of

8     the claims involve the central factual issue of whether or not JIB denied meal and rest period

9     breaks to non-exempt night shift workers, resulting in damages for work that was performed 'off

10    the clock.'"); *Koval v. Pacific Bell Telephone Company*, 2012 U.S. Dist. LEXIS 113196, *10

11    (N.D. Cal. 2012) (FLSA collective action substantially similar to state case because "crux" of

12    both was "whether or not Pacific Bell denied meal and rest period breaks to field personnel within

13    California, resulting in damages of payment for work performed during those periods.").

14          Here, the state court *Harmon* and *Collins* actions and the *Ino* Action are "substantially

15    similar." Both the state and federal actions seek recovery on behalf of the class pled in the state

16    actions against the same defendant (The Gap, Inc.) and involve similar allegations and factual

17    issues. Both the state and federal actions seek to represent a class of current and former non-

18    exempt employees working in Gap stores. Ino is a putative class member of both the *Harmon*

19    and *Collins* Actions, and both the state and federal actions were brought on behalf of individuals

20    employed by The Gap, Inc. who were allegedly not provided proper overtime and minimum

21    wages. Because the parties' interests in the disputes are virtually identical, the plaintiffs in both

22    actions are considered "substantially the same for purposes of *Colorado River*." *See Clark v.*

23    *Lacy*, 376 F.3d 682, 686 (7th Cir. 2004) (quotations omitted) (federal and state derivative

24    plaintiffs substantially same parties because "formal symmetry" between the two actions not

25    required); *Teamsters Local No. 175 & 505 Pension Trust Fund v. IBP, Inc.*, 123 F. Supp. 2d 514,

26    517 (D.S.D. 2000) (federal and state suits parallel under *Colorado River* where federal plaintiff

27

28

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW

1    appeared to be a class member in the state proceeding even though not a named plaintiff in state

2    suit and class had not yet been certified).

3          Further, Plaintiff's counsel is the same in the *Ino* and *Collins* Actions, the class definitions

4    are nearly identical, and the class periods for the state action and the present action overlap

5    substantially. *See e.g. Koval*, 2012 U.S. Dist. LEXIS 113196 at *10 (substantial similarity where,

6    among other things, same parties and attorneys appeared in both actions, class definitions were

7    virtually identical, and class periods overlapped). Indeed, the claims in the state actions and the

8    present action are so similar that, once the *Harmon* Settlement is granted final approval, that

9    settlement will trigger *res judicata* preclusion over the claims raised in the *Ino* and *Collins*

10   Actions for the California members of the *Ino* putative class.[6]

11         What is more, both the state and federal actions involve claims of unpaid overtime and

12   minimum wage compensation. The two claims raised in the *Ino* Action have analogous state law-

13   based claims proceeding in the state actions; the relief sought in this actions is merely a subset of

14   the broader array of relief sought in the state actions. "We should be particularly reluctant to find

15   that the actions are not parallel when the federal action is but a 'spin-off' of more comprehensive

16   state litigation." *Nakash*, 882 F.3d at 1417.

17         For all of these reasons, the *Harmon* and *Collins* state actions and the *Ino* Action are

18   substantially similar, parallel proceedings.

19

20   _____

     [6] The doctrine of *res judicata* applies "if (1) the decision in the prior proceeding is final and on
21   the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and
     (3) the parties in the present proceeding or parties in privity with them were parties to the prior
22   proceeding." *Villacres v. ABM Industries Inc.*, 189 Cal. App. 4th 562, 577 (2010). First, the
     approval of the *Harmon* settlement is a final decision, on the merits. *Id.* at 577. Second, as set
23   forth herein, the *Harmon*, *Collins*, and *Ino* Actions are all sufficiently similar. *See id.* at 583-84
     ("If the matter raised in the subsequent suit was within the *scope* of the prior action, related to the
24   *subject matter* and *relevant* to the issues, so that it *could* have been raised, the judgment is
     conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged."").
25   Lastly, the class members in all three actions are in privity with one another. *See id.* at 591-92
     (unnamed class member in earlier class action, which settled and was dismissed with prejudice,
26   bound by settlement and thus *res judicata* doctrine applied to preclude his later claims based on
     same set of facts); *see also Arias v. Superior Court*, 46 Cal.4th 969, 984 n. 6 (2009).

27

28                                              DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
                                                MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
     OHSUSA:757238646.4            - 18 -       PROCEEDINGS, MOTION FOR MORE DEFINITE
                                                STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
                                                CV14-00292 CW

### 3. The *Colorado River* Factors Weigh in Favor of Dismissal or a Stay.

Once the Court determines that the proceedings are parallel, it engages in a multi-factor balancing test, where no single factor is determinative. *Colorado River*, 424 U.S. at 818-19 ("No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required."). The factors are: (1) whether either court has assumed jurisdiction over property in dispute; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the concurrent forums obtained jurisdiction; (5) whether state or federal law provides the rule of decision on the merits; (6) whether the state proceeding is adequate to protect the parties' rights; and (7) whether the federal plaintiff is engaged in forum shopping or seeking to avoid adverse state court rulings. *Koval*, 2012 U.S. Dist. LEXIS 113196 at *8-9. These factors "are to be applied in a pragmatic and flexible way, as part of a balancing process" to determine whether a stay of the federal proceedings would further the underlying purpose of judicial economy. *Nakash*, 882 F.2d at 1415.

As neither the state actions nor this federal action involve a *res*, the first factor is not pertinent. Similarly, as both forums are equally convenient, the second factor is also irrelevant. *Gintz*, 2006 U.S. Dist. LEXIS 88987 at *13 ("when there is no *res* in the control of either court and the forums are equally convenient those factors become irrelevant to the analysis."); *Nakash*, 882 F.2d at 1415 n.6. The remaining factors all support dismissal of the California putative class.

### i. Avoiding Piecemeal Litigation: Litigating the *Ino* Action While the State Actions Proceed Would Undeniably Result in Piecemeal Litigation and Waste Judicial Resources.

Simultaneously litigating this case and the state actions is inefficient and a waste of judicial resources. Allowing the *Ino* Action to continue would clearly result in piecemeal litigation. *American Int'l Underwriters v. The Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988) ("Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.").

1    State and federal courts have concurrent jurisdiction over FLSA claims. *See* 29 U.S.C. §

2    216(b) (actions for violations of §§ 206 and 207 may be brought in state or federal court); *see*

3    *also Gintz*, 2006 U.S. Dist. LEXIS 88987 at *14. With regard to the California-based employees,

4    this concurrent state and federal jurisdiction over Plaintiff's claims will result in piecemeal

5    litigation. If the California-based employees' claims are litigated in both this Court and the state

6    courts simultaneously, there is likely to be substantial duplication and inconsistent rulings.

7    Moreover, once the *Harmon* Settlement is granted final approval, the *Ino* Action will be

8    barred, to some degree, by *res judicata* and/or collateral estoppel. *See* n. 6. This factor therefore

9    weighs in favor of dismissal. *See e.g. Tackitt v. Superior Court*, 2013 U.S. Dist. LEXIS 160507,

10   * 13 (E.D. Cal. 2013) (*res judicata*/claim preclusion effect "weighs in favor of a stay or dismissal,

11   considering one of the court's resources will be 'wasted' in the sense that the action that reaches

12   judgment on the merits first will foreclose further prosecution of the other action."). Accordingly,

13   this factor "strongly favors" a dismissal or stay. *Koval*, 2012 U.S. Dist. LEXIS 113196 at 13.

14            ii.    **Order in Which the Concurrent Forums Obtained**
                     **Jurisdiction: The State Actions Have Progressed Much**
15                   **Farther Than the *Ino* Action.**

16   In evaluating this factor, the Court should look to "how much progress has been made in

17   the two actions." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 21. At this point, the *Harmon*

18   Action has progressed far beyond this case. Indeed, the *Harmon* Action was litigated for over 18

19   months, and preliminary approval has been granted to parties' settlement. *Nakash*, 882 F.2d at 12

20   (because state court action had progressed "far beyond" federal action, "it would be highly

21   inefficient to allow the federal litigation to proceed"). The state court in the *Harmon* Action has

22   invested substantial time and resources in the action. The parties appeared for multiple status

23   conferences in the *Harmon* Action, and pursuant to the Court-ordered briefing schedule, Harmon

24   filed her motion for class certification on August 30, 2013 and Gap opposed the motion on

25   September 27, 2013. The parties thereafter agreed to mediate the case. Following mediation, the

26   parties settled the case and the court granted preliminary approval of the class action settlement

27   on March 24, 2014. In the *Collins* Action, Plaintiff Collins has filed five motions to compel, Gap

28

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW

1    has responded to each, and the hearings on these motions are currently scheduled for March 24,

2    2014. In contrast, thus far, this case is at the pleadings stage and has been pending less than two

3    months. Accordingly, this factor favors dismissal or a stay. *See Nakash*, 882 F.2d at 1415.

### iii. Whether State or Federal Law Provides the Rule of Decision on the Merits: The State and Federal Courts Have Concurrent Jurisdiction.

6        Plaintiff raises FLSA claims and therefore federal law provides the rule of decision on the

7    merits. However, while "the presence of federal-law issues must always be a major consideration

8    weighing against surrender" of federal court jurisdiction, "[i]f the state and federal courts have

9    concurrent jurisdiction over a claim, this factor becomes less significant." *Nakash*, 882 F.3d at

10   1416; *Koval*, 2012 U.S. Dist. LEXIS 113196 at *14. With regard to those putative collective

11   action members in California, the resolution of the state law issues (the *Harmon* Settlement) will

12   eliminate their federal claims in this case. Thus, this factor weighs in favor of dismissal or stay.

### iv. Whether the State Proceeding is Adequate to Protect the Parties' Rights: The State Court Proceedings are Adequate and Did Properly Adjudicate Plaintiff's Claims.

15       The state forum will adequately protect Plaintiff Ino's rights, as she is a putative class

16   member in the *Harmon* and *Collins* Actions. Plaintiff Ino asserts the same claims against the

17   same defendant as the state actions. Thus, the interests in the *Ino* Action will be, and have been,

18   addressed in the more comprehensive *Harmon* Action. *See Nakash*, 882 F.3d at 1417. Any

19   argument that putative collective action members would benefit from participating in this new,

20   copy-cat action with fewer claims for relief (and thus fewer chances for recovery) and

21   encompassing a more narrow class period (January 17, 2011 rather than April 24, 2008 in

22   *Harmon*) would be flawed.

23       In any event, courts have rejected this very idea that a federal "spin-off" of a more

24   comprehensive state court proceeding should be permitted to continue. *See e.g. Silvaco Data*

25   *Systems, Inc. v. Technology Modeling Associates, Inc.*, 896 F. Supp. 973, 978 (N.D. Cal. 1995)

26   ("It makes no sense to try and carve out one aspect of [the parties'] dispute and try it separately,

27

28

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW

particularly since it is intertwined with the issues involved in the other aspects of their ongoing [state court] war."). Consequently, this factor weighs in favor of dismissal or a stay.

> **v.    Whether the Federal Plaintiff is Engaged in Forum Shopping or Seeking to Avoid Adverse State Court Rulings: Plaintiff is Both Engaging in Forum Shopping and Attempting to Avoid the *Harmon* Settlement.**

The *Ino* Action is a classic example of forum shopping. Now that the *Harmon* Settlement precludes Plaintiff counsel's *Collins* Action, they have decided to seek out a new forum for their claims. This attempt to forum shop and avoid the *Harmon* Settlement weighs "strongly in favor" of abstention. *Nakash*, 882 F.3d at 1417 ("Apparently, after three and one-half years, Nakash has become dissatisfied with the state court and now seeks a new forum for their claims. We have no interest in encouraging this practice."); *see also Fireman's Fund Ins. Co. v. Quackenbush*, 87 F.3d 290, 297 (9th Cir. 1996) ("The multiple and over-lapping assertions of these challenges in state court, before the Commissioner, and in this court causes this court to question [the insurer's] tactics."); *Koval*, 2012 U.S. Dist. LEXIS 113196 at *16-17 ("[A]llowing a substantially similar federal action to proceed would likely encourage forum shopping.").

> ### C.   The Court Should Dismiss This Action as to Plaintiff Ino and the California-based Employees Under its Inherent Authority to Avoid Duplicative Litigation.

In addition to properly dismissing this action under *Colorado River*, with regard to the California-based employees, the Court can and should defer to the *Harmon* Action pursuant to the Court's inherent authority to control its docket by dismissing duplicative actions. "A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result." *Crawford v. Griffin Bell*, 599 F.2d 890, 893 (9th Cir. 1979) ("increasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties.").

As set forth above, the first-filed *Harmon* Action already has jurisdiction over the same putative class of individuals in California as in the present action, and the more narrow claims

1    made and relief sought in this action are fully encompassed by the *Harmon* Action. Indeed, the

2    *Harmon* Action is a <u>better</u> forum given its broader scope and additional claims.

3        Moreover, the hardship and burden to Gap of being forced to litigate the same issues on

4    behalf of the same California putative class members is significant. Should this action move

5    forward, Gap would be forced to undertake duplicative efforts in both cases, resulting in

6    increased discovery costs, attorneys' fees, and other litigation expenses. Further, Gap would face

7    the possibility of inconsistent results in the two cases. Gap should not be forced to defend

8    multiple actions when those actions involve the same claims brought by the same plaintiff's

9    counsel. Lastly, dismissal of this action as to the California putative class would result in the

10    conservation of judicial resource and would be of significant convenience to this Court. For all of

11    these reasons, the Court should dismiss this action as to the California putative class members.

### D. In the Alternative, the Court Should Stay This Action Pending the U.S. Supreme Court's Decision in *Integrity Staffing Solutions v. Busk*.

14        Both of Plaintiff Ino's causes of action are premised, in part, on bag check allegations.

15    FAC ¶¶ 21(a), 22(a). On March 3, 2014, the United States Supreme Court granted *certiorari* in

16    *Integrity Staffing Solutions, Inc. v. Busk* on the following issue: Whether time spent in security

17    screenings is compensable time under the FLSA, as amended by the Portal-to-Portal Act.

18    *Integrity Staffing Solutions, Inc. v. Busk*, 2014 U.S. LEXIS 1724 (U.S. Mar. 3, 2014). As the

19    outcome of that case will directly impact Plaintiff's claims, Gap requests that the Court stay this

20    case with respect to Plaintiff's bag check allegations pending resolution of *Integrity Staffing*.

21        The Court has inherent power to stay proceedings if doing so would best serve the causes

22    of judicial economy, minimization of legal expense, and fairness to the litigants. *Landis v. North*

23    *American Co.*, 299 U.S. 248, 254-55 (1934) ("power to stay proceedings is incidental to the

24    power inherent in every court to control the disposition of the causes on its docket with economy

25    of time and effort for itself, for counsel, and for litigants"); *Leyva v. Cert. Grocers of Cal., Ltd.*,

26    593 F.2d 857, 863 (9th Cir. 1979) (federal district court has inherent power to stay a case

27    pursuant to its "powers to control its docket and to provide for the prompt and efficient

28

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND MOTION DISMISS PLAINTIFF'S FAC OR TO STAY PROCEEDINGS, MOTION FOR MORE DEFINITE STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT CV14-00292 CW

1   determination of the cases pending before it."); *Good v. Prudential Ins. Co. of America*, 5 F.

2   Supp. 2d 804, 806 (N.D. Cal. 1998) (power to stay proceedings within the Court's discretion).

3        When analyzing whether to issue a stay, a court will look at whether (i) the moving party

4   is likely to succeed on the merits, (ii) the moving party is likely to suffer irreparable harm in the

5   absence of relief, (iii) the balance of equities tips in the moving party's favor, and (iv) a stay is in

6   the public interest. *Big Lagoon Rancheria v. California*, 2012 U.S. Dist. LEXIS 12225,*13-14

7   (N.D. Cal. 2012).

8        Here, Gap is likely to succeed on the merits of Plaintiff's bag check claim. *See*

9   Section III.A.2.iv. Further, Gap is likely to suffer irreparable harm should the Court not grant a

10  stay. Plaintiff bases both of her federal causes of action on her allegations that Gap had a policy

11  and practice requiring putative collective action members to undergo bag and/or coat checks.

12  FAC ¶¶ 21(a), 22(a). This is <u>precisely</u> the issue that the Supreme Court is currently considering –

13  whether requiring employees to submit to security screenings qualifies as compensable time

14  under the FLSA. Requiring that the parties litigate this issue while not knowing whether the law

15  may drastically change will result in irreparable harm to both parties. It would waste valuable

16  resources and drive up litigation costs. In the same vein, there would be no harm to Plaintiff and

17  the putative collective action members were this case stayed, and the public interest

18  considerations weigh in favor of a stay as well. Without a stay, this Court would be required to

19  spend time and resources adjudicating this action while the law remains in flux; the parties would

20  move forward with discovery and motion practice, incurring the costs of litigation and expending

21  resources, and were the Supreme Court to affirm that the time spent in security screenings is not

22  compensable under the FLSA (in line with the weight of authority on this issue), all of the time

23  and resources spent would have been for naught. For these reasons, the Court should issue a stay.

24      **E.   <u>The Court Should Strike Plaintiff's Reference to "DOE" Defendants</u>.**

25       Plaintiff's references and allegations throughout her complaint related to DOE defendants

26  should be stricken. *See* FAC ¶¶ 8-10. A "court may strike from a pleading . . . any redundant,

27  immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court has broad

28

OHSUSA:757238646.4

1  discretion in deciding whether to grant a motion to strike. *Vess v. Bank of Am., N.A.*, 2012 U.S.

2  Dist. LEXIS 4484,*32 (S.D. Cal. 2012) (striking allegations as to Doe defendants).

3       As a general rule, "Doe pleading is improper in federal court." *Buckheit v. Dennis*, 713 F.

4  Supp. 2d 910, 918 n.4 (N.D. Cal. 2010) (*sua sponte* dismissing Doe defendants in complaint).[7]

5  Indeed, "[t]here is no provision in the Federal rules permitting the use of fictitious defendants."

6  *Id.* Accordingly, the Court should strike all references to DOE defendants in Plaintiff's FAC,

7  including references to DOE defendants in the case caption, the entirety of paragraphs 8-10, and

8  references to each cause of action being brought against "DOES 1 through 10" (FAC 9:3, 11:3).

9  **IV. CONCLUSION**

10      For these reasons, Gap requests that the Court dismiss Plaintiff's FAC for failure to state a

11  claim, or in the alternative, require a more definite statement.  Should the Court not dismiss

12  Plaintiff's FAC, Gap requests that the Court dismiss or stay all of Plaintiff Ino and the California-

13  based employees' claims under *Colorado River* or under the Court's inherent authority to avoid

14  duplicative litigation.  Alternatively, Gap requests that the Court stay Plaintiff's bag check claims

15  pending the decision in *Integrity Staffing Solutions v. Busk*.  Lastly, Gap requests that the Court

16  strike the improperly pled DOE defendants from Plaintiff's FAC.

17  Dated: March 24, 2014                    ORRICK, HERRINGTON & SUTCLIFFE LLP

18

19                              By:  /s/ Julia Collins Riechert
                                        JULIA COLLINS RIECHERT
20                                     Attorneys for Defendant, The Gap, Inc.

21

22

23

24  [7]  *See also Vess v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 4484 at *32-33 (granting motion to
    strike allegations regarding Doe defendants as "inappropriate" because "the use of fictitious Doe
25  defendants is not favored in federal court."); *Martel v. Cadjew*, 2011 U.S. Dist. LEXIS 106575,
    *13-14 (E.D. Cal. 2011) (granting motion to strike references to Doe defendants because "[t]he
26  use of Doe Defendants in federal court is problematic," "ultimately unnecessary," and
    "inappropriate."); *Graziose v. Am. Home Prod. Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001) ("If
27  there are unknown persons or entities, whose role is known, that fact should be expressed in the
    complaint, but it is unnecessary and improper to include 'Doe' parties in the pleadings.").

28

DEFENDANT THE GAP, INC.'S NOTICE OF MOTION AND
MOTION DISMISS PLAINTIFF'S FAC OR TO STAY
PROCEEDINGS, MOTION FOR MORE DEFINITE
STATEMENT, MOTION TO STRIKE; MPA IN SUPPORT
CV14-00292 CW