Kevin Shenkman (SBN 223315)
    *kshenkman@shenkmanhughes.com*
Mary Ruth Hughes (SBN 222662)
    *mrhughes@shenkmanhughes.com*
**SHENKMAN & HUGHES**
28905 Wight Road
Malibu, California 90265
Telephone: (310) 457-0970


*Attorneys for* Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY INO; individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>THE GAP, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  CV 14 0292 CW<br><br>**PLAINTIFF TIFFANY INO'S OPPOSITION TO DEFENDANT THE GAP, INC.'S UNTIMELY MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR STAY THE PROCEEDINGS, MOTION FOR A MORE DEFINITE STATEMENT, AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         May 29, 2014<br>Time:         2:00 p.m.<br>Courtroom:  2<br>Judge:        Hon. Claudia Wilken |

TABLE OF CONTENTS

I.    SUMMARY OF ARGUMENT ................................................................ 5

II.   STATEMENT OF FACTS ..................................................................... 6

      A.    The *Harmon* Action ........................................................... 7

      B.    The *Collins* Action ............................................................. 7

III.  ARGUMENT ......................................................................................... 8

      A.    DEFENDANT'S MOTION TO DISMISS IS UNTIMELY
            AS IT FAILED TO ABIDE BY THE COURT'S ORDER OF
            MARCH 17, 2014............................................................. 8

      B.    HARMON AND COLLINS ARE NOT DUPLICATIVE OF,
            AND A SETTLEMENT IN EITHER CASE WILL NOT
            HAVE A PRECLUSIVE EFFECT ON, PLAINTIFF'S
            ACTION ......................................................................... 9

            1.    Distinct Class Definition. ............................................ 9

            2.    FLSA Claims Are Not Released. ...............................10

      C.    PLAINTIFFS' COMPLAINT IS ADEQUATE AS IT
            PROVIDES ENOUGH FACTS TO STATE A CLAIM FOR
            RELIEF THAT IS PLAUSIBLE ON ITS FACE. ...........................11

            1.    Plaintiff Has Sufficiently Pled Plausible Claims for
                  Unpaid Overtime Wages and Minimum Wages. ...........13

            2.    Plaintiff Has Alleged Activities That Are
                  Compensable Under The Law......................................16

      D.    THERE IS NO BASIS FOR STAYING THIS ACTION. .................20

      E.    PLAINTIFF'S PLEADING DOE DEFENDANTS IS NOT
            PROHIBITED. ................................................................21

      F.    PLAINTIFFS' COMPLAINT IS CLEAR AND PRECISE
            AND THE COURT SHOULD NOT REQUIRE A MORE

1

1          DEFINITE STATEMENT. ................................................................24

2     G.    IN THE UNLIKELY EVENT THE COURT IS INCLINED

3          TO GRANT EITHER MOTION, PLAINTIFF REQUESTS

4          LEAVE TO AMEND. .....................................................................24

5  III.    CONCLUSION ...........................................................................24

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF TIFFANY INO'S OPPOSITION TO DEFENDANT THE GAP, INC.'S UNTIMELY MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR STAY THE PROCEEDINGS, MOTION FOR A
MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

1

2                              **<u>TABLE OF AUTHORITIES</u>**

3       **Cases**

4       *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 692 (1946)...................15, 17

5       *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)...........................................10, 11, 14, 17

6       *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 911 (9th Cir. 2004).................16

7       *Bamonte v. City of Mesa*, 598 F.3d 1217, 1225-26 (9th Cir. 2010).......................16

8       *Bass v. Neotti*, No. 09cv1850-MMA(CAB), 2010 WL 3339490 (S.D. Cal. Aug. 23,

9           2010) ...................................................................................................10

10      *Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962)..............................................23

11      *Broam v. Bogan,* 320 F.3d 1023 (9th Cir. 2003) ..................................................10

12      *Busk, et. al. v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, 531, *cert. granted*

13          (9th Cir. 2014) ............................................................................16, 19

14      *Garibaldi v. Bank of Am. Corp.*, 2014 U.S. Dist. LEXIS 45668 *2-*4 (N.D.Cal.,

15          April 1, 2014) ......................................................................................10

16      *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980)........................................21

17      *Gilligan v. James Dev. Corp.,* 108 F.3d 246 (9th  Cir. 1997) .........................10, 11

18      *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) ...................................... 8

19      *Kakani v. Oracle Corp.*, 2007 U.S. Dist. LEXIS 47515 (N.D. Cal. June 19, 2007)  9

20      *Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977)......................... 8

21      *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ....................................19

22      Lindow v. United States, 738 F. 2d 1057 (9th Cir. 1984) ...............................15, 17

23      *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008)...............................21

24      Molnar v. Nat'l Broadcasting Co., 231 F.2d 684, 687 (9 Cir. 1956) ....................21

25      *Moss v. United States Secret Serv.*, 711 F.3d 941, 963. .......................................10

26      *Otsuka v. Polo Ralph Lauren Corp.***,** 2008 U.S. Dist. LEXIS 81262 (N.D. Cal.,

27          May 12, 2008) ...............................................................................16, 17

28

*Petro-Hunt, L.L.C. v. U.S.*, 90 Fed.Cl. 51 (Fed.Cl. 2009).......................................14

*Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).................19

Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880 (9th Cir. 1983).......................20

*Smith v. HSBC Bank of USA,* 2011 U.S. Dist. LEXIS 44820, *10 (E.D. Cal 2011) ........................................................................................................................21

State of Cal. v. United States, 512 F. Supp. 36 (N.D. Cal. 1981)..........................20

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053 (9th Cir. 2004) .....................................................................................................................22

*Vess v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 4484, *32 (S.D. Cal. 2012)....20, 21

*Whitaker v. Countrywide Financial Corp.*, 2010 WL 4537098, *2 (C.D. Cal. Jun. 18, 2010) ...........................................................................................................11

*Wright v. Linkus Enterprises, Inc.*, 2009 U.S. Dist. LEXIS 70499 (E.D. Cal. 2009) .......................................................................................................................... 9

**Statutes**

29 U.S.C. § 206 ...................................................................................................12

29 U.S.C. § 207 ...................................................................................................12

29 U.S.C. § 216(b) ............................................................................................... 8

29 U.S.C. § 254(a). ..............................................................................................15

Fed. R. Civ. Proc. 12(f)........................................................................................20

PLAINTIFF TIFFANY INO'S OPPOSITION TO DEFENDANT THE GAP, INC.'S UNTIMELY MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR STAY THE PROCEEDINGS, MOTION FOR A
MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    **SUMMARY OF ARGUMENT**

Defendant's motion does not abide by this Court's order of February 6, 2014 (Case Management Scheduling Order), and is not timely filed as per the Court's order of March 17, 2014 (Order Denying the previous Motion to Dismiss).  Plaintiff's Complaint is clear and precise, and sufficient to allow Defendant to reasonably understand Plaintiff's claims and respond.  As a result, there is also no basis for requiring Plaintiff to amend the Complaint to provide a more definite statement.  Defendant's assertions that the Complaint fails to state any claim upon which relief can be granted, and assertion that the time spent on certain alleged activities is not compensable under FLSA, are unsupportable.  Plaintiff's Complaint states a plausible claim for relief based on well pled factual and legal theories.

Nor is Plaintiff's action identical to, or duplicative of, *Harmon* or *Collins*.  The operative Complaints in *Harmon* and *Collins* do not involve FLSA claims, and only attempt to address Defendant's conduct as to putative class members in California who worked at Gap Stores, during a defined period of time.  The settlement in *Harmon* also does not release the FLSA claims asserted in this case.

Lastly, the appeal pending before the United States Supreme Court, in *Integrity Staffing Solutions v. Busk*, does not warrant a stay because its determination is, at best, only relevant to one particular kind of activity, practice, and/or policy alleged in Plaintiff's Complaint.  Furthermore, under the current state of the law in the Ninth Circuit, the alleged activities relating to Defendant's coat/bag check policy is compensable, because it is not a true security-related procedure for the benefit of the employee – it is to prevent the employees from stealing from Defendant.

*///*

5

1

## II.   <u>STATEMENT OF FACTS</u>

2          On January 17, 2014, Plaintiff Tiffany Ino ("Plaintiff") filed this

3   collective action pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act

4   ("FLSA"), against her former employer, Defendant The Gap, Inc.

5   ("Defendant"), in the United States District Court for the Northern District of

6   California.  Plaintiff's Complaint alleges violations of Sections 206 (unpaid

7   minimum wage) and 207 (unpaid overtime).  Plaintiff brings this action on her

8   own behalf, as well as on behalf of each and all other persons similarly situated,

9   and thus seeks to prosecute the FLSA claims as a collective action on behalf of: All

10  current and former hourly-paid or non-exempt store-level employees employed by

11  any of the Defendants at any time during the period of three years prior to the

12  filing of this Complaint to the present and chose to opt-in to this action (the

13  "Nationwide Collective Class").  (Complaint ¶ 11).

14         On February 19, 2014, Defendant filed a Motion to Dismiss and Motion

15  to Strike Plaintiffs' Complaint and/or Motion for a More Definite Statement.

16  On March 5, 2014, Plaintiff amended her Complaint.  On March 17, 2014, the

17  Court denied Defendant's Motion to Dismiss, stating that it was moot, and

18  ordered Defendant to file its answer to Plaintiff's Amended Complaint or file a

19  motion to dismiss by March 19, 2014.  On March 24, 2014, Defendant filed the

20  now pending Motion to Dismiss Plaintiff's First Amended Complaint or Stay

21  the Proceedings, Motion for a More Definite Statement, and Motion to Strike.

22  A key aspect of Defendant's motion is its assertion that the state court actions

23  of *Harmon* and *Collins* make the present federal action duplicative.

24  ///

25  ///

26  ///

27  ///

28

PLAINTIFF TIFFANY INO'S OPPOSITION TO DEFENDANT THE GAP, INC.'S UNTIMELY MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR STAY THE PROCEEDINGS, MOTION FOR A
MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

## A. THE *HARMON* ACTION

The *Harmon* action was filed on April 24, 2012 in the Superior Court of California, County of Riverside (Case No. RIC1206120) and is currently pending. In *Harmon*, the plaintiff asserts claims under the California Labor Code and California Business and Professions Code, and seeks to represent "All non-exempt or hourly paid employees who **worked** for Defendant in a **California The Gap store** within four years prior to the filing" of that complaint "until the date of certification." (Perry Decl., Exh. A (emphasis added)). The action only contains claims brought under California law, relating to failure to pay overtime, failure to pay minimum wages, failure to provide or pay for meal and rest periods, failure to timely pay wages, unreimbursed business expenses, and unfair business practices. The parties in *Harmon* went to mediation in December 2013, but it was not until February 28, 2014 that the parties actually executed a stipulated settlement agreement. (Perry Decl. Exh. D). Plaintiff Harmon filed his Motion for Preliminary Approval of Settlement on or about February 26, 2014, and the Court granted Preliminary Approval of Settlement on March 24, 2013. The Court in that case conditionally certified a provisional class defined as "all current and former hourly paid or non-exempt individuals employed by The Gap, Inc. in its **Gap retail stores within the state of California** at any time between April 24, 2008 and the date of preliminary approval." (Perry Decl., Exh. E).

## B. THE *COLLINS* ACTION

The *Collins* action was filed on July 15, 2013 in the Superior Court of California, County of San Francisco and is currently pending (Case No. CGC 13-532831). (Perry Decl., Exh. B). In the *Collins* action, the plaintiff asserts claims under the California Labor Code and California Business and Professions Code, and seeks to represent "All current and former hourly-paid or non-exempt California based  (i.e., **currently "residing" in California** with the intent to reside in California

PLAINTIFF TIFFANY INO'S OPPOSITION TO DEFENDANT THE GAP, INC.'S UNTIMELY MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR STAY THE PROCEEDINGS, MOTION FOR A MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

indefinitely) employees who worked for Defendants within the State of California at any **"The Gap" retail store (excluding the outlet stores)** at any time during the period from **four years preceding the filing of this Complaint to final judgment**." (Perry Decl., Exh. B (emphasis added)). Defendant answered on August 26, 2013. Since January 2014, the plaintiff in Collins has sought to compel Defendant's responses to discovery, and these issues are still pending determination. On April 1, 2014, Defendant filed a Motion to Stay Proceedings in *Collins*, which has not been decided.

## III. ARGUMENT

### A. DEFENDANT'S MOTION TO DISMISS IS UNTIMELY AS IT FAILED TO ABIDE BY THE COURT'S ORDER OF MARCH 17, 2014.

A defendant must serve its answer within 21 days of service of the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Unless the court sets a different time, serving a motion alters this deadline. Fed. R. Civ. P. 12(a)(4) If the court denies the motion which was served under Rule 12, the responsive pleading must be served within 14 days after notice of the court's action, unless the court sets a different time. *Id*.

In this case, Defendant was served with the summons and complaint on January 29, 2014. Within 21 days, it filed its Motion to Dismiss. On March 17, 2014, the Court issued its Order Denying the Motion to Dismiss, and at that time the Court ordered that Defendant either answer or file a motion to dismiss by March 19, 2014. However, Defendant did not file its Motion to Dismiss within the time set by the Court. Thus, Defendant's Motion to Dismiss is untimely and should be stricken.

///

///

///

PLAINTIFF TIFFANY INO'S OPPOSITION TO DEFENDANT THE GAP, INC.'S UNTIMELY MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR STAY THE PROCEEDINGS, MOTION FOR A MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

1   Furthermore, the Court's Case Management Scheduling Order of February

2   6, 2014 sets the Case Management Conference for April 16, 2014 and explicitly

3   states that, absent permission of the Court, all case-dispositive motions are to be

4   briefed and heard together, on the case-dispositive motion hearing cut-off date, or

5   on an earlier available date agreed to by the parties.  Each of Defendant's Motions

6   to Dismiss (filed on February 19, 2014 and March 24, 2014) are premature

7   attempts to dispose of this case, which have disregarded the Court's scheduling

8   orders as no attempts were made by Defendant to have these Motions jointly

9   briefed or heard on a date mutually agreed upon.

10   **B.** *HARMON* **AND** *COLLINS* **ARE NOT DUPLICATIVE OF,**

11   **AND A SETTLEMENT IN EITHER CASE WILL NOT**

12   **HAVE A PRECLUSIVE EFFECT ON, PLAINTIFF'S**

13   **ACTION**

14   Defendant asserts that *Harmon* and *Collins* are nearly identical, and that

15   Plaintiff's action is duplicative of those cases.   However, Plaintiff's action is

16   distinct from *Harmon* and *Collins,* because Plaintiff's Complaint contains FLSA

17   claims, which are not present in the operative complaint in either *Harmon* or

18   *Collins.*[1]   Defendant's contention that the *Harmon* settlement, once finally

19   approved, will decide all of the issues and have a preclusive effect on the

20   California putative collective action members' claims in this proceeding and the

21   *Collins* Action is also just plain wrong.  (Mt. to Dismiss, 5:5-7).

22   **1.  Distinct Class Definition.**

23   Even if finally approved, the *Harmon* settlement would only have preclusive

24   effect on California putative collective action members who worked for

---

[1] Contrary to Defendant's assertion, *Harmon* and *Collins* are not identical.  Unlike *Harmon*, *Collins* involves those who work or worked at only the Gap Store, not its outlet stores, and covers a different period of time.  Furthermore, it should be noted that on April 1, 2014, Defendant filed a Motion to Stay Proceedings in *Collins*.  Therefore, at least for the time being, the proceedings in *Collins* will not have any dispositive impact on the case at hand.

9

1    Defendant's Gap retail stores, not those who worked for Defendant's other stores.

2               **2.  FLSA Claims Are Not Released.**

3               Under FLSA, a potential plaintiff does not benefit from (and is not bound

4    by) a judgment unless he or she "affirmatively 'opts in'" to the lawsuit. *Kinney*

5    *Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir. 1977), overruled on other

6    grounds by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989); see also

7    29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action

8    unless he gives his consent in writing to become such a party and such consent

9    is filed in the court in which such action is brought.").  Where an action

10   involves state wage and hour claims, but the settlement attempts to reach and

11   apply to FLSA claims, class members are still required to receive notice to opt-in

12   to the settlement of the FLSA claims.  See *Wright v.  Linkus Enterprises, Inc.,*

13   *2009 U.S. Dist. LEXIS 70499* (E.D. Cal. 2009); *Kakani v. Oracle Corp.*, 2007 U.S.

14   Dist. LEXIS 47515 (N.D. Cal. June 19, 2007).   In *Kakani v. Oracle Corp.*, the

15   court found that the use of only opt-out notice when claims under the FLSA would

16   be impacted, would violate the FLSA.  *Kakani v. Oracle Corp.*, 2007 U.S. Dist.

17   LEXIS 47515 at *20.  The court indicated that it would be "unconscionable to try

18   to take away the FLSA rights of all workers, whether or not they choose to join in

19   affirmatively" and that a settlement agreement attempting to do so "would violate

20   the Federal Fair Labor Standards Act." *Id*. at 2

21              Although the *Harmon* settlement agreement that received preliminary

22   approval by the state court may purport to cover federal claims, it will not

23   successfully dispose of FLSA claims since, amongst other reasons, it provides

24   for an opt-out procedure:

25   ///

26   ---

27   [2]  In taking the position that FLSA claims should only be released for those who opt-in, the court stated, "under no
     circumstances can counsel collude to take away FLSA rights including the worker's right to control his or her own
28   claim without the burden of having to opt out of someone else's lawsuit." *Id*. at *20.

///

- Settlement Class Members are defined as "all Class Members who have not excluded themselves from the Settlement Class by filing a timely request for exclusion in accordance with the requirements set forth in the Class Notice."  (Perry Decl, Exh. D ¶ 36).

- "Class Members who wish to exclude themselves from the Class must submit to the Settlement Administrator a written statement requesting exclusion from the Class (also referred to as "opt out") no later than the Objection/Exclusion Deadline." (Perry Decl, Exh. D ¶ 53).

Therefore, the purported settlement only provides for an *opt-out* procedure and does not provide for an *opt-in* procedure, which is required under the FLSA.  It will not effectively release the FLSA claims which Plaintiff is prosecuting here in order to ensure that Plaintiff and the putative collective action members' rights are vindicated.

## C. PLAINTIFFS' COMPLAINT IS ADEQUATE AS IT PROVIDES ENOUGH FACTS TO STATE A CLAIM FOR RELIEF THAT IS PLAUSIBLE ON ITS FACE.

"[A] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. James Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) (internal quotation marks and citation omitted); *accord Broam v. Bogan,* 320 F.3d 1023, 1028 (9th Cir. 2003).  To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must meet the pleading standards set forth in Federal Rules of Civil Procedure, Rule 8.  *Bass v. Neotti*, No. 09cv1850-MMA(CAB), 2010 WL 3339490 at *2 (S.D. Cal. Aug. 23, 2010).  Under Rule 8(a)(2), a complaint must contain only a short and plain statement of the claim showing that the plaintiff is entitled to relief.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  When examining a complaint for legal sufficiency, all material

PLAINTIFF TIFFANY INO'S OPPOSITION TO DEFENDANT THE GAP, INC.'S UNTIMELY MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR STAY THE PROCEEDINGS, MOTION FOR A MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party.  See, *Garibaldi v. Bank of Am. Corp.*, 2014 U.S. Dist. LEXIS 45668 *2-*4 (N.D.Cal., April 1, 2014); *Moss v. United States Secret Serv.*, 711 F.3d 941, 963.

In support of its argument that Plaintiffs' Complaint fails to state a claim, Defendant relies principally upon *Twombly* and *Iqbal*.  However, *Twombly* and *Iqbal* did not abrogate the notice pleading standard of Rule 8(a)(2).  In *Twombly*, the Supreme Court stated that complaints "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 570.  The "allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*.  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949.

There is "'a powerful presumption against rejecting pleadings for failure to state a claim.'"  *Gilligan,* 108 F.3d at 249. It is "only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6)…" *Whitaker v. Countrywide Financial Corp.*, 2010 WL 4537098, *2 (C.D. Cal. Jun. 18, 2010). District courts in the Ninth Circuit have denied employers' efforts to dismiss wage-and-hour actions on the basis of arguments that the plaintiff's complaint was not sufficiently precise or did not plead sufficient facts pursuant to *Twombly* and *Iqbal.* California federal courts have denied Rule 12(b)(6) challenges to even "skeletal" wage-and-hour pleadings with minimal facts pled, where the pleadings were sufficient to apprise the defendant of a plausible claim.  See *Whitaker,* 2010 WL 4537098, *3 -*4.  In *Whitaker,* the plaintiffs' mere allegation that "they were required to perform tasks before clocking in and after clocking out," sufficiently stated claims for violations of state and federal wage and hour laws. *Whitaker at *3

1   -*4.  Thus, the pleading requirements for FLSA wage-and-hour violations is

2   inherently minimal; a plaintiff alleging such violations need only plead that she

3   was employed by the defendant and worked compensable time for which she

4   was not paid.  Plaintiff's Complaint goes well beyond that threshold.

5          In requesting this Court to dismiss Plaintiff's Complaint, or require a more

6   definite statement, Defendant argues that: (1) Plaintiff's Complaint fails to allege

7   that Defendant's alleged policies and practices applied to Plaintiff and the

8   Nationwide Collective Class members and that Plaintiff and the Nationwide

9   Collective Class members actually performed the alleged activities, and (2) the

10  alleged activities are not compensable.  (Mt. to Dismiss, 8:11-19 & 11-15).

11  However, Plaintiff's Complaint does contain these specific factual allegations, and

12  states plausible claims of relief under the law.

13              ***1.  Plaintiff Has Sufficiently Pled Plausible Claims for Unpaid***

14                          ***Overtime Wages and Minimum Wages.***

15         The Fair Labor Standards Act guarantees covered employees a minimum

16  hourly wage for their work and entitles them to one and one-half times their

17  regular wage for overtime.  29 U.S.C. §§ 206 & 207.  Plaintiff's alleged facts,

18  *presumed true on a motion to dismiss*, are sufficient to state a cause of action

19  against Defendant for violation of these FLSA provisions.

20         The Complaint alleges that, at all relevant times, Defendants employed

21  Plaintiff and other persons as hourly-paid or non-exempt employees (Compl. ¶17),

22  that, as a result of Defendant's policies and practices they worked off-the clock and

23  more than forty hours per week for which they did not receive compensation from

24  Defendants (Compl. ¶¶ 21 & 26).  Next, the Complaint alleges that during the

25  relevant time period, Plaintiffs and other class members were not paid for all their

26  hours worked, and were not paid at least minimum compensation for the hours

27  worked.  (Compl. ¶¶ 22 & 32).  The Complaint sets forth specific examples of

28

PLAINTIFF TIFFANY INO'S OPPOSITION TO DEFENDANT THE GAP, INC.'S UNTIMELY MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR STAY THE PROCEEDINGS, MOTION FOR A
MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

Defendants' policies and practices that have deprived Plaintiff and Nationwide Collective Class members of compensation at least at a minimum wage rate and for overtime work. (Compl. ¶¶ 21-22). Further, Plaintiff alleges that Defendants' failure to pay Plaintiffs and other class members these wages was willful. (Compl. ¶¶ 23, 28, & 34).

Plaintiff alleges multiple examples of Defendant's actual practices and policies which actually resulted in a failure to pay overtime and minimum wages. These include among them:

a. Requiring Plaintiff and Nationwide Collective Class members to wait and undergo off-the-clock bag and/or coat checks when they exit the store for any meal break and when they exit the store after they clock out at the end of their shifts. (Compl. ¶¶ 21, 22, 26, & 32).

b. Forbidding Plaintiff and Nationwide Collective Class members from having their personal belongings with them during their shift and require Plaintiff and Nationwide Collective Class members to perform several tasks prior to clocking in, such as locating and opening secured lockers, putting away their personal belongings, putting on their name badges, locating, testing, sanitizing, and putting on a walkie talkie, and obtaining fitting room keys. (*Id.*).

c. Requiring that at least two employees to open a store. When Plaintiff and Nationwide Collective Class members arrive on time for their opening shifts, but the second employee has not yet arrived, Plaintiff and Nationwide Collective Class members have to wait outside the store off-the-clock until that second employee arrives, without any compensation for the waiting time. (*Id.*).

d. Requiring Plaintiff and Nationwide Collective Class members to complete any assignment that would service the customer and achieve efficient store operation. These policies required and/or pressured Plaintiff and Nationwide Collective Class members to treat customers and related job duties as their top priority, and service customers before Plaintiff and Nationwide Collective Class members clocked in for their shifts, while they are clocked out for their meal breaks, and/or after they clocked out at the end of their shifts. (*Id.*).

e. Requiring Plaintiff and Nationwide Collective Class members to retrieve and review their schedule on their personal smart phones or personal computers

if they are not in the store when the schedule is posted. Defendants did not and continue not to compensate Plaintiff and Nationwide Collective Class members for the time they spend off-the-clock retrieving and reviewing their schedule. (*Id.*).

f. Requiring Plaintiff and Nationwide Collective Class members to be scheduled on-call. When Plaintiff and Nationwide Collective Class members were and/or are scheduled on-call, they must call the store two hours prior to the start of the potential shift to determine if they are needed for the shift. As a result of this policy and practice, Plaintiff and Nationwide Collective Class members must restrict their movements because they cannot be more than two hours away from the store when they have an on-call shift, and cannot accept any other job opportunities. (*Id.*).

Plaintiff's Complaint alleges, throughout, that:

"All the foregoing activities were and are performed off-the-clock for the sole benefit of Defendants, and were and are uniform practice and policy in all Defendants' stores nationwide. As a result of these and other policies and practices of Defendants, Plaintiff and Nationwide Collective Class members worked and continue to work off-the-clock." (Compl. ¶¶ 21, 22, 26, & 32).

Therefore, contrary to Defendant's assertion, Plaintiff's Complaint clearly alleges that Defendant's policies and practices applied to Plaintiff and Nationwide Collective Class members, and that Plaintiff and Nationwide Collective Class members performed the alleged activities.

"[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949. Rule 8 "does not impose a probability requirement… it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" Plaintiff's claims. *Twombly*, 550 U.S. at 556. "The Supreme Court in [*Twombly*] (and, even more so in its recent decision in *Iqbal*) made clear that" it did not intend to "collapse discovery, summary judgment and trial into the pleading stages of a case." *Petro-Hunt, L.L.C. v. U.S.*, 90 Fed.Cl. 51, 71 (Fed.Cl. 2009). The allegations in Plaintiff's Complaint support an inference that Defendant is liable for violations of the Federal Labor Standards

15

1   Act.  Most importantly, Plaintiff's Complaint raises the expectation that discovery

2   will reveal evidence of Plaintiff's claims—in fact, Plaintiff and the Nationwide

3   Collective Class members' FLSA claims can only be vindicated if this action is

4   allowed to proceed to discovery and trial, rather than "collapsing" and foreclosing

5   "discovery, summary judgment and trial" by disposing of the action at the pleading

6   stage.  *Id.*

7           **2.  *Plaintiff Has Alleged Activities That Are Compensable Under The***

8                ***Law.***

9           Seeking a premature determination of Plaintiff's claims, Defendant picks out

10  the locker use, retrieval and review of schedules, on-call time, and bag check

11  allegations from Plaintiff's Complaint.  Notably, Defendant does not assert that

12  these activities did not take place or only occurred rarely.  Rather, Defendant

13  asserts that these activities were justified, and are categorically not compensable.

14  Defendant's position is not supported by the law.

15          As amended by the Portal-to-Portal Act of 1947, the FLSA provides that

16  certain activities performed before (preliminary) or after (postliminary) the

17  worker's principal activities are not compensable in *certain circumstances*.   29

18  U.S.C. § 254(a).   Under the FLSA, principle activities include any work of

19  consequence performed for an employer, no matter when the work is performed.  If

20  the activity is necessary to the business and is performed by the employees for the

21  primary benefit of the employer, it is generally compensable time, unless it is

22  deemed to be de minimis.  *Lindow v. United States*, 738 F. 2d 1057 (9th Cir. 1984).

23  It is de minimis when the unpaid time is short, occurs infrequently and is difficult

24  for the employer to track.  *Id* at 1062; *Anderson v. Mt. Clemens Pottery Co.,* 328

25  U.S. 680, 692 (1946).  "[W]hen an employee is required to give up a substantial

26  measure of his time and effort" then "compensable working time is involved."

27  *Anderson* at 692.  The Ninth Circuit has developed a three-part test to evaluate

28

16

1    when unpaid work time can be described as de minimis. *Lindow v. United States*,

2    738 F.2d 1057 (9th Cir. 1984).  In *Lindow*, the Ninth Circuit Court of Appeals

3    explained that to excuse an employer from its wage obligations under the de

4    minimis defense, the courts must evaluate: "(1) the practical administrative

5    difficulty of recording the additional time; (2) the aggregate amount of

6    compensable time; and (3) the regularity of the additional work." *Lindow* at 1063.

7         (i)    Time Spent in Coat/Bag Checks Are Compensable.

8         While other circuits have held that time spent in a security screening or bag

9    check is not compensable time, they have done so in circumstances where it was

10   clear that the employer's screenings were not merely for the benefit of the

11   employer, because there were genuine safety and security concerns in those unique

12   settings.

13        While Plaintiff is aware that the Ninth Circuit's decision in *Integrity Staffing*

14   is on appeal and the Supreme Court has accepted this issue for review, Defendant's

15   reliance on this case in its Motion requires Plaintiff to address this decision.  In

16   *Integrity Staffing*, the Ninth Circuit distinguished the "out-of-circuit" cases of

17   *Gorman* (which involved a nuclear power plant) and *Bonilla* (which involved a

18   contractor working on an airport construction project), which Defendant now

19   attempts to rely upon.  *Busk, et. al. v. Integrity Staffing Solutions, Inc.*, 713 F.3d

20   525, 531, *cert. granted* (9th Cir. 2014).  It gave importance to the fact that in

21   *Gorman* and *Bonilla*, the employer required employees to go through screening at

22   the time of entering the workplace and the circumstances indicated that the

23   screening were not put in place because of the nature of the employee's work but

24   actual security and safety concerns.  *Id.* at 531. The Ninth Circuit distinguished

25   these cases in *Integrity Staffing*, stating:

26        "Integrity allegedly requires the screening to prevent employee theft, a
           concern that stems from the nature of the employees' work (specifically,
27         their access to merchandise). Therefore, the district court erred in

28

1 | assuming *Gorman* and *Bonilla* created a blanket rule that security clearances
2 | are noncompensable instead of assessing the plaintiffs' claims under the
   | "integral and indispensable" test.  *Id.*

3 | This frame of reasoning has also been adopted in other cases.  See, e.g. *Ballaris v.*
4 | *Wacker Siltronic Corp.*, 370 F.3d 901, 911 (9th Cir. 2004) (donning and doffing
5 | uniforms was compensable when company required employees to change on
6 | premises to avoid contaminating silicon chips manufactured there); cf. *Bamonte v.*
7 | *City of Mesa*, 598 F.3d 1217, 1225-26 (9th Cir. 2010) (donning and doffing police
8 | uniforms was not necessary to police officers' principal work because they could
9 | change at home and chose to do so at work for their own benefit).  In fact,
10 | certification has been granted in other cases involving exactly the same issue—
11 | waiting time claims relating to the bag check policy of employers that operate
12 | retail stores.  See, e.g. *Otsuka v. Polo Ralph Lauren Corp.*, *2008 U.S. Dist. LEXIS*
13 | *81262* (N.D. Cal., May 12, 2008).  *Otsuka* involved waiting time claims, including
14 | seeking recovery for uncompensated time arising from Polo Ralph Lauren's
15 | practice of requiring employees to undergo "loss prevention inspections" (bag
16 | checks) by a manager at the end of the each employee's shift, and certification was
17 | granted.  *Id.*

18 |     In this case, Defendant's bag check procedure was encountered by
19 | employees whenever they left the store.  Like the employer in *Integrity Staffing*
20 | *Solutions* and *Otsuka*, Defendant only has the screening or bag check in place for
21 | loss prevention and to discourage internal theft of merchandise.  Therefore, the
22 | screening related to the nature of the employee's work and was solely for the
23 | benefit of Defendant, making that time compensable.

24 | ///
25 | ///
26 | ///
27 | ///
28 |

PLAINTIFF TIFFANY INO'S OPPOSITION TO DEFENDANT THE GAP, INC.'S UNTIMELY MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR STAY THE PROCEEDINGS, MOTION FOR A
MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

1 ///

2         (ii)    <u>Plaintiff Has Alleged Other Policies and Practices of Defendant</u>

3                 <u>Relating to Lockers, Opening of Stores, Completion of Assignments,</u>

4                 <u>Review and Retrieval of Schedules, and On-Call Schedules, Which</u>

5                 <u>Are Compensable.</u>

6         If an activity is necessary to the business and is performed by the employees

7 for the primary benefit of the employer, it is generally compensable time, unless it

8 is deemed to be de minimis. *Lindow v. United States*, 738 F. 2d 1057 (9th Cir.

9 1984). It is de minimis when the unpaid time is short, occurs infrequently and is

10 difficult for the employer to track. *Id* at 1062; *Anderson* at 692. As discussed

11 above, Rule 8 "does not impose a probability requirement… it simply calls for

12 enough fact[s] to raise a reasonable expectation that discovery will reveal evidence

13 of" Plaintiff's claims. *Twombly*, 550 U.S. at 556. "[A] claim has facial plausibility

14 when the plaintiff pleads factual content that allows the court to draw the

15 reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*

16 at 1949.

17         Plaintiff's Complaint alleges additional policies and practices of Defendant

18 relating to use of lockers*,* opening of stores, completion of assignments, review and

19 retrieval of schedules, and on-call schedules. (Compl. ¶¶ 21, 22, 26 & 32).

20 Defendant's Motion does not even address Plaintiff's allegations regarding

21 Defendant's policies relating to opening of stores and completion of assignments.

22 Defendant has not provided any explanation as to why the Court should ignore

23 these properly pled allegations in Plaintiff's Complaint, and allow dismissal of

24 Plaintiff's action at this stage.

25         The allegations contained in Plaintiff's Complaint, and Defendant's lack

26 of any response, raise a strong inference that Defendant is liable for violations

27 of the FLSA. Furthermore, discovery will reveal evidence of the details of

28

PLAINTIFF TIFFANY INO'S OPPOSITION TO DEFENDANT THE GAP, INC.'S UNTIMELY MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR STAY THE PROCEEDINGS, MOTION FOR A
MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

Defendant's policies and procedures to which Plaintiff and the Nationwide Collective Class members were subjected to, and that those policies requiring Plaintiff and others to perform tasks off-the-clock, were for the primary benefit of Defendant -- not limited to short, infrequent occurrences, which are hard for Defendant to track, and that Plaintiff and the Nationwide Collective Class members spent a substantial measure of time and effort as a result of those policies.  Plaintiff's Complaint not only alleges Defendant's uniform practices and policies which required Plaintiff and the Nationwide Collective Class members to work additional time, but also that they were uniform and regular. (Compl. ¶¶ 12, 21-23, 26-28, & 32-34). These allegations, taken as true, are sufficient to raise a plausible claim that Plaintiff and the Nationwide Collective Class members did not receive compensation for compensable time that was worked, in violation for the Fair Labor Standards Act.  Plaintiffs' Complaint pleads sufficient facts to state claims for unpaid minimum and overtime wages, and provides Defendant with fair notice of the individual and collective claims being pursued by Plaintiff.  Therefore, Defendant's Motion should be denied.

### D. THERE IS NO BASIS FOR STAYING THIS ACTION.

Defendant has failed to provide any justification for staying these proceedings.  A district court's power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).   Courts accomplish these ends by exercising their judgment, weighing competing interests, and maintaining balance.  *Landis*, 299 U.S. at 254-255.  When considering a motion to stay, the court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship or inequity to the moving party if the motion is denied; and (3) the efficient use of judicial resources.  *Rivers*, 980 F. Supp. at 1360.

1  ///

2  ///

3          Defendant generally states that a stay will conserve the Court's and the

4  parties' resources, avoid duplicative litigation, and prevent inconsistent rulings.

5  However the facts do not support these conclusions.

6          Defendant asserts that *Integrity Staffing Solutions v. Busk*, which is on

7  appeal and pending before the United States Supreme Court, warrants a stay.

8  *Integrity Staffing Solutions* only relates to, at best, one example of Defendant's

9  policies and practices.  Namely, it only relates to the determination of whether time

10  spent in bag checks will constitute compensable time.  However, Plaintiff's

11  Complaint alleges more than just Defendant's practices and policies relating to bag

12  checks.  Plaintiff's Complaint alleges additional policies and practices of

13  Defendant relating to use of lockers*,* opening of stores, completion of assignments,

14  review and retrieval of schedules, and on-call schedules.  (Compl. ¶¶ 21, 22, 26,

15  32).  Defendant's Motion altogether fails to address Plaintiff's allegations

16  regarding Defendant's policies relating to opening of stores and completion of

17  assignments.  Defendant's arguments about time spent locating and opening

18  secured lockers, putting away personal belongings, reviewing and retrieving

19  schedules, being on-call, and undergoing bag-check, and its reliance on the

20  uncertainty of law implicated in *Integrity Staffing Solutions v. Busk*, do not dispose

21  of or address these alleged policies and practices.

22

23  **E. PLAINTIFF'S PLEADING DOE DEFENDANTS IS NOT**

24          **PROHIBITED.**

25          Federal Rule of Civil Procedure 12(f) provides that "the court may order

26  stricken from any pleading any insufficient defense or any redundant, immaterial,

27  impertinent, or scandalous matter."  Fed. R. Civ. Proc. 12(f).  On a motion to

28

PLAINTIFF TIFFANY INO'S OPPOSITION TO DEFENDANT THE GAP, INC.'S UNTIMELY MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR STAY THE PROCEEDINGS, MOTION FOR A
MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

strike, the court must view the pleading under attack in the light most favorable to the pleader. *See State of Cal. v. United States*, 512 F. Supp. 36, 39 (N.D. Cal. 1981). Further, in adjudicating a motion to strike, the court should consider that "the function of a 12(f) motion to strike is to avoid the expenditure of time and money [which] arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983).

Defendant argues that Plaintiff's references and allegations relating to "Doe" Defendants, within her Complaint, should be stricken.  Defendant cites the decision of another district court, *Vess v. Bank of America, N.A.*, which exercised said discretion to strike allegations as to "Doe" defendants.  *Vess v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 4484, *32 (S.D. Cal. 2012).  However, in striking the "Doe" allegations, the Court in *Vess* relied on the reasoning that joining fictitious defendants created jurisdictional issues, "because it would be impossible for the court to determine the jurisdiction of the court" and that "[a]llegations founding jurisdiction of a federal court must be precise." (internal quotations omitted).  *Id*. at **32-33 (citing *Molnar v. Nat'l Broadcasting Co.*, 231 F.2d 684, 687 (9 Cir. 1956)).  However, such concerns are not applicable in this case as this federal court's jurisdiction over Plaintiff's FLSA claims is indisputable on the basis of federal question jurisdiction.

Federal district courts in this circuit have taken the position that, when the identities of defendants are not known, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).  While the Federal Rules of Civil Procedure do not specifically include a provision permitting the use of fictitious defendants, "it is not prohibited in federal

practice." *Lopes v. Vieira*, 543 F.Supp.2d 1149, 1152 (E.D. Cal. 2008) (court held, "[b]ecause the naming of Doe Defendants is only disfavored, the motion to strike is DENIED. Whether Plaintiffs will be able to substitute individuals for Doe Defendants will depend on discovery and Rule 15"); *Smith v. HSBC Bank of USA,* 2011 U.S. Dist. LEXIS 44820, *10 (E.D. Cal 2011) (the court took the position that the plaintiff, who alleged and referred to Does, was required to allege the particulars of his or her claim against each one, even though the plaintiff did not know the individual's name at the time of pleading).  Here, Plaintiff's Complaint contains claims relating to violation of labor laws, and there is a recognized policy of encouraging the enforcement of labor laws and holding employers responsible. Aware of this, employers often astutely structure their business so as to thereby create joint employers or conduits for employment.  This reality often requires claimants to prosecute their actions without full knowledge of the entities that are implicated in the chain that is the employment relationship.

Defendant does not provide a proper basis for striking Plaintiff's "Doe" Defendant allegations.  Viewed in a light most favorable to Plaintiff, those allegations are important to fulfilling the policy goals that underpin the FLSA. Plaintiff's Complaint provides sufficient information to enable the Court and Defendant to know whom they are trying to identify, and as no discovery has been conducted, Plaintiff has not had any opportunity to uncover the identities of the "Doe" Defendants.  Therefore, as in *Lopes,* whether Plaintiffs will be able to substitute individuals for "Doe" Defendants should depend on rules of discovery and Federal Rule 15.  Therefore, Defendant's Motion to Strike Plaintiff's references and allegations relating to "Doe" Defendants, should be denied.[3]

---

[3] It should be noted that, although the United States District Court for the Northern District of California does not currently have a local rule addressing "doe" allegations, it has allowed proceedings to move forward where the only defendants alleged are "does."  See, e.g. *Harmeet Dhillon v. Does 1-10* (Case No. 3:13-cv-01465-SI) (copyright infringement case). Furthermore, the Attorney Case Opening Guide published by the Court implies that "Doe" defendants can be parties to an action.

PLAINTIFF TIFFANY INO'S OPPOSITION TO DEFENDANT THE GAP, INC.'S UNTIMELY MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR STAY THE PROCEEDINGS, MOTION FOR A MORE DEFINITE STATEMENT, AND MOTION TO STRIKE

## F. PLAINTIFFS' COMPLAINT IS CLEAR AND PRECISE AND THE COURT SHOULD NOT REQUIRE A MORE DEFINITE STATEMENT.

Under Rule 12(e), the Court has broad discretion to order a party to provide a more definite statement where the complaint is "so vague or ambiguous" that a responding party cannot "reasonably prepare a response."  Fed. R. Civ. Proc. 12(e).

Defendant requests, in the alternative, that the Court order a more definite statement.  However, for the reasons discussed above, Plaintiff's Complaint is clear, precise, and alleges sufficient facts such that Defendant can reasonably prepare a response.  Accordingly, Defendant's request that the Court order a more definite statement should be denied.

## G. IN THE UNLIKELY EVENT THE COURT IS INCLINED TO GRANT EITHER MOTION, PLAINTIFF REQUESTS LEAVE TO AMEND.

When there is a possibility that amending will state a valid claim, the Court must grant leave to amend.  *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).  If a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not *possibly* cure the deficiency."  *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962) (emphasis added).  As discussed above, Plaintiff has pleaded plausible claims with sufficient facts.  However, should the Court be inclined to grant any portion of Defendant's Motion to Dismiss or Motion to Strike, Plaintiffs respectfully request that they be allowed leave to amend to add additional facts.

## III.     CONCLUSION

For all the foregoing reasons, the Court should deny Defendant's Motion.

1   Dated: April 7, 2014                          **SHENKMAN & HUGHES**

2

3                                   By:   s/ Kevin Shenkman

4                                         Kevin Shenkman
                                          *Attorneys for* Plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF TIFFANY INO'S OPPOSITION TO DEFENDANT THE GAP, INC.'S UNTIMELY MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR STAY THE PROCEEDINGS, MOTION FOR A
MORE DEFINITE STATEMENT, AND MOTION TO STRIKE