United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY INO,<br><br>    Plaintiff,<br><br>v.<br><br>THE GAP, INC.,<br><br>    Defendant. | Case No. 14-cv-00292-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STAY; GRANTING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 13, 23 |

Tiffany Ino alleges The Gap Inc. failed to pay minimum wage and overtime compensation to her and other similarly situated store employees nationwide, in violation of Sections 206 and 207 of the Federal Labor Standards Act ("FLSA"). The motion to dismiss is granted in part and denied in part, the motion to stay is denied, and the motion to strike is granted.[1]

The motion to dismiss is granted as to the claims based on time spent locating and opening secured lockers and putting away belongings, and time spent retrieving and reviewing schedules, because Ino has not alleged, nor can she, circumstances that would make this time compensable (*i.e.*, that these activities are "integral and indispensable" to the principal work and not *de minimis*). *See* 29 C.F.R. 790.8(c); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 902-03 (9th Cir. 2003). Perhaps in a highly unusual employment situation it could be possible that storing personal belongings and reviewing one's shift schedule could be so onerous and time-consuming as to be compensable. However, the Court cannot imagine a set of circumstances (and Ino does not posit one) under which these tasks would be more than *de minimis* in this particular context. Dismissal of these claims is with prejudice.

---

[1] The Court finds the defendant's late filing of its motion to dismiss (three days after the court-imposed deadline but within the statutory deadline) excusable.

The motion to dismiss the claim regarding on-call time is denied. Time spent on-call is compensable where the employee "cannot use the time effectively for his own purposes," which is a question of fact. 29 C.F.R. §§ 785.17, 785.16; *see also* U.S. Dept. of Labor WHD Opinion Letter, FLSA2009-17 (Jan. 16, 2009) ("[W]hether employees must be compensated for the time they are on call is a question of fact that depends upon whether the conditions are so restrictive or the calls are so frequent that the employees cannot effectively use the time for personal purposes."). Ino alleges that The Gap's mandatory on-call policy prevents employees from effectively using the time for personal purposes, because they must not be more than two hours away from the store and cannot accept other job opportunities. Compl. ¶ 22(f). This is sufficient to state a claim.

The motion to dismiss the remaining claims is denied. Ino alleges specific examples of The Gap's practices denying overtime compensation and minimum wage, including requiring employees to submit to bag checks and assist customers off-the-clock. These allegations do not merely parrot the statutory language and nakedly assert that the defendant has violated the law. *See, e.g., Ovieda v. Sodexo Operations, LLC*, 2012 WL 1627237 (May 7, 2012). They identify specific ways in which The Gap allegedly deprives workers of the minimum wage and overtime pay, and they specify that Ino herself has suffered these deprivations. This is enough to state a claim and to put The Gap on notice of the specific unlawful conduct of which it is accused. *See, e.g., Whitaker v. Countrywide Fin. Corp.*, 2010 WL 4537098 (Nov. 1, 2010).[2]

The motion to dismiss or stay the case pursuant to *Colorado River* or the court's inherent authority is denied. Because Ino has opted out of the *Harmon* settlement, the settlement in that case presents no obstacle to Ino litigating this federal case on behalf of herself and similarly

---

[2] In *Whitaker*, Judge Snyder held that the plaintiffs' allegations that they were required to perform certain tasks off-the-clock were sufficient to provide the defendants with fair notice of facially plausible claims, satisfying Rule 8. 2010 WL 4537098, at *3. In *Ortiz v. Sodexho Operations, LLC*, Judge Real dismissed a similar complaint because it did not plead "specific facts" regarding the plaintiff's employment experience, work load, or shift schedule. 2010 U.S. Dist. LEXIS 145170, at *3 (Aug. 12, 2010). The Court disagrees with the seemingly heightened pleading standard for wage and hour cases imposed by Judge Real. Rule 8 requires a "short and plain statement" and where the allegations include sufficient information to state a plausible claim for relief and provide the defendant with fair notice, the requirements of *Iqbal* and *Twombly* are met.

situated employees nationwide. There may well be a *res judicata* issue as to some members of the putative class (namely, those who are bound by the *Harmon* judgment), but any such issue is not ripe. The motion to stay the case pending the Supreme Court's decision in *Integrity Staffing Solutions v. Busk* is also denied, because Ino pursues claims on behalf of herself and the class that will not be resolved by that decision.

Finally, the DOE defendants are striken as unnecessary. If Ino needs to add defendants at a later date, she may seek to do so pursuant to the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: July 25, 2014

_____
VINCE CHHABRIA
United States District Judge

3